## HARRY MYERS *v.* THE STATE.

1. STATEMENT OF FACTS. — The approval of the judge who presided at the trial is indispensable to the authentication of a statement of facts. The regular judge of the court cannot authenticate the statement of facts in a case which was not tried before him.

2. PENALTY — CHARGE OF THE COURT. — The jury were instructed that the penalty for the offence was "not *more* than two nor *less* than five years" in the penitentiary, instead not less than two nor more than five. *Held,* that the error is fatal to the conviction, however obvious that it was inadvertent and did not mislead the jury.

APPEAL from the District Court of Robertson. Tried below before the Hon. A. S. BROADDUS.

The indictment and conviction were for theft of cattle. The opinion sufficiently states the case.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J. What in the record purports to be a statement of the facts in this case cannot be considered as such.

It appears that the case was tried by the Hon. A. S. Broaddus, who held by exchange a portion of the term for the Hon. Spencer Ford, the judge of the district. After the case was tried, and before the statement of facts was made out, Judge Ford had relieved Judge Broaddus, and was presiding. Having agreed to the statement of facts, the attorneys representing the State and the defendant presented the same to Judge Ford, who approved and signed it. It should have been approved by Judge Broaddus, who presided at the trial and who heard the facts as they were given in evidence.

It is true, as was held in *Edwards* v. *James*, " where one judge sits for another, it would be more regular for him to act upon matters or motions arising out of his proceedings, before he leaves the bench; but it is not indispensable that it should be so done, and if anything is left undone when he leaves the bench, and another judge takes the seat before the expiration of the term, the judge last taking the bench can dispose of and act upon such matters, if he was competent to have tried the case out of which they arose." 13 Texas, 52. But this cannot apply to a statement of facts.

In criminal cases the statement of the facts is drawn up and certified and placed in the record as in civil suits. Code Cr. Proc., art. 784. In civil suits it is provided that, " after the trial of any cause, either party may make out a written statement of the facts given in evidence on the trial, and submit the same to the opposite party, or his attorney, for inspection; if the parties or their attorneys agree upon such statement of facts, they shall sign the same, and it shall then be submitted to the judge, who shall, if he find it correct, approve and sign it, and the same shall be filed with the clerk during the term." Rev. Stats., art. 1377.

" Art. 1378. If the parties do not agree upon such statement of facts, or if the judge do not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements, during the term make out and sign and file with

the clerk a correct statement of the facts proven on the trial, and such statement shall constitute a part of the record.

"Art. 1379. The court may, by an order entered upon the record during the term, authorize the statement of facts to be made up and signed and filed in vacation, at any time not exceeding ten days after the adjournment of the term."

How can a judge who has not tried the case nor heard the evidence find or know it to be correct? The old law expressly required that the respective statements should be submitted to " the judge presiding at the trial " (Pasc. Dig., art. 1490); but the omission of these words in the new cannot change the clear import and intent of the law, which is that the statement of facts must be certified and approved as correct by a judge who heard the evidence and can make the approval of his own knowledge of its correctness. A statement of facts agreed to by attorneys, without the signature and approval of the judge, cannot be considered on appeal, and there is no reason why such a statement approved by a judge who did not preside at the trial should have any additional weight or consideration. See this question discussed at length in *Ohrus* v. *The State*, Supreme Court of Wisconsin, May, 1880, and reported in the Central Law Journal, June 11, 1880, p. 465.

There being no proper statement of the facts, our investigation of the case on appeal will be limited to ascertaining whether the indictment and charge of the court are sufficient in law. We see no objection to the indictment. But there is a radical error in the charge, which requires a reversal of the case. In instructing as to the penalty, the court told the jury, in case they found the defendant guilty, to " assess his punishment at confinement in the penitentiary for a term of not more than two nor less than five years." This is undoubtedly an error, and so plain and of such character that in all probability the jury may not have been misled as to what was really intended by it, since they assessed the punishment at four years. Still it is such an error

as that we cannot indulge in any conjectures in its favor, and the verdict is contrary to it. For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*