GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY
COMPANY V. J. T. CRAWFORD.

No. 434.

1. **Agreement of Counsel—Infringement of Rules—Briefs.**—Agreement of counsel affecting the rights alone of parties will usually be enforced, but where such agreements infringe upon the rules of the Supreme Court, and entail an unnecessary and additional burden upon the appellate court, as in searching the records of other cases for briefs adopted by agreement, they will not be upheld or allowed

2. **Special Judge—Completion of Trial by Regular Judge.**—A trial commenced by a special judge, elected during the sickness of the regular judge, may be completed by the regular judge when he returns.

3. **Pleadings—Allegations of Defects in Railroad Track.**—A general allegation of the defects is sufficient, without entering into any great particularity as to the exact condition of the track, roadbed crossing, or bridge of a railway company.

4. **Same—Injured Employe.**—More specific pleading is not required from an injured employe than from any other person.

5 **Waiver of Assignment of Error.**—An assignment of error in the record not copied in the brief is considered waived.

6. **Charge of Court—Safe Appliances—Duty of Railway Company.**—It is the duty of a railroad company to use ordinary care to provide such cars, roadbed, tanks, etc., as are reasonably safe for its employes, and a charge which required "ordinary care in the construction of the road crossing and its ditches along the track and under the crossing, so as to make them reasonably safe for use, and ordinary care to keep them in such condition," is not open to criticism.

7. **Same—Submitting Issue—Sufficient Testimony.**—See the opinion for evidence held sufficient to justify the submission of the question of defects in the roadbed, etc., to the jury.

8. **Fellow-Servants.**—Where the plaintiff, a conductor, was riding in a caboose in obedience to an order from the company to report for duty at a certain place, he and the engineer of the train were not fellow-servants, as defined by the statute.

9. **Master and Servant—Assumed Risks—Charge of Court.**—A charge that the plaintiff (a conductor), as a servant of the defendant company, had assumed "all ordinary risks and hazards to travel over defendant's road, and all other risks known to him," is one of which the company can not complain.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*Upson & Bergstrom*, for appellant.—1. The regular judge, Hon. W. W. King, was not qualified to try this cause, because of his sickness. The cause was called by the Hon. S. G. Newton, then acting as special judge of the District Court, having been duly elected and qualified as such, and upon announcement, subject to the court's ruling on defendant's exception to plaintiff's petition, he impaneled a jury therein, and then adjourned to the following Monday, when the regular judge improperly took the bench to proceed with the trial of the cause. The State v. Moberly, 26 S. W. Rep., 364.

2. The burden being upon the plaintiff to prove negligence on the part of the master in furnishing defective appliances, and that such defects were the proximate cause of such injury, the plaintiff's petition fails to state a cause of action, unless it sets out the facts showing that

such defects were the proximate cause of the injury or how they caused or contributed to such injuries.   Sayles' Civ. Stats., art. 1187, note 4; Id., art. 1195; Railway v. Hennessey, 75 Texas, 155; Williams v. Railway, 60 Texas, 205; Clark v. Railway, 15 Fed. Rep., 588; Railway v Smith, 74 Texas, 276; Railway v. McCoy, 22 S. W. Rep., 926; Jones v George, 61 Texas, 351; Seale v. Railway, 51 Texas, 277; Brandon v. Manuf. Co., 61 Texas, 125; Johnson v. Railway, 21 S. W. Rep., 274; Cool. on Torts, p. 73

3.   Plaintiff, at the time of his injury, was an employe of defendant and performing the very duties which he was employed to perform, and traveling under orders of defendant and at regular pay while so on duty; and therefore was a fellow-servant with the engineer in charge of the train on which he was injured; therefore defendant was not liable to plaintiff for injuries occurring to him by reason of the negligence of such engineer.   Railway v. Welch, 10 S. W. Rep., 529; Railway v. Arispe, 81 Texas, 517; McKinney on Fel. Serv., p. 283; 17 Am. and Eng. Ry. Cases, 614.

No brief for appellee reached the Reporter.

FLY, Associate Justice.—It is provided in rule 29 for the government of the Courts of Civil Appeals, that "The appellant, or plaintiff in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on, in accordance with and confined to the distinct specifications (which assignments shall be copied in the brief) and to such fundamental errors of law as are apparent upon the record, each ground of error being separately presented under the proper assignment, and each assignment not so copied and accompanied with its appropriate propositions and statements shall be regarded as abandoned."   The brief in this case consists of a statement of the case and one assignment of error, with the statement thereunder, and a formal waiver of the fourth assignment. This is followed by the statement, that "The remaining assignments of error, propositions, authorities, and statements thereunder are verbatim on the part of the appellant, the same as cause number 435 on · the docket of this court, styled Galveston, Harrisburg & San Antonio Railway Company v. William T. Norris.   The assignments, charge of the court, and statements of facts being copied one from the other in both of said causes, excepting the foregoing assignment number 1, and by agreement of parties the brief in said cause may be used and to be considered by this court as to brief in this cause on behalf of appellant."   Upon consulting the brief in the Norris case referred to in the agreement, we find that the third assignment in that case is not copied, and the court is asked to seek for it in a brief filed in the Goodwin and Waldo cases, decided by this court at its last session.   No briefs are filed by appellee, and the agreement contemplates the use by appellee of briefs filed in the Waldo and Goodwin cases.   This agree-

ment, if carried out and acted upon, would not only set aside the rules prescribed by the Supreme Court, but would entail an additional unnecessary burden upon this court.    Agreements affecting the rights alone of parties will usually be enforced, but where such agreements infringe upon the rules of practice of this court, they will not be upheld or allowed.   Rules and regulations are necessary to the proper administration of justice, and any infringement of them, especially when not supported by some strong and tenable reason, must result in an impairment to a greater or less degree of the usefulness of the courts.    It is the desire to so apply the rules as not to defeat the ends of justice and the due administration of the laws, but no unnecessary infringement of them, as before stated, will be permitted.    It is the order of the court, that the submission in this case, and in that of the Galveston, Harrisburg & San Antonio Railway Company v. W. T. Norris, be set aside, and both cases are referred back to the parties, each to be properly briefed as required by the rules, and be ready for submission on October 10, 1894.

*Ordered accordingly.*

Delivered September 26, 1894.

ON THE MERITS.

FLY, Associate Justice.—This is a companion case to the Waldo, Goodwin, Norris, and Leonard cases heretofore decided by this court, and grew out of personal injuries inflicted on appellee in a wreck that occurred at appellant's bridge on the Sabinal River, on the night of August 9, 1892.    The verdict was for $7500.

*Conclusions of Fact.*—On August 9, 1892, appellee, a man 36 years of age, weighing 190 pounds, and in good health, was an employe of appellant and being at Del Rio, Texas, was ordered by appellant to report at San Antonio.    In obedience to the order, appellee, with his crew, boarded the caboose of a freight train and started for San Antonio.    When the train was a short distance west of the Sabinal River it ran at a rapid rate into a cut where the track was flooded with water, and the wheels of the caboose striking loose planks that had floated onto the track from the road crossing and cattle guards, was derailed and ran on the ties until it reached the bridge over the Sabinal River, where it struck the west span, which gave way and precipitated the caboose into the bed of the river, where appellee received the injuries of which complaint was made.    The rain that flooded the track was not an extraordinary or unprecedented one, but the track not being properly ditched through the cut, the loose planks on the crossing and the cattle guards were washed onto the track, and the train being recklessly run by the engineer at a fast rate of speed, the caboose ran over the planks and was derailed.    Appellee was a conductor, and was receiving at the time of the wreck $125 per month.

Appellee received permanent injuries in the wreck that greatly lessened his earning capacity. Appellee had no control of the train or connection with it, except to ride on it to San Antonio. The proper schedule time for the train was twenty-four miles an hour, but at time of the derailment it was running forty miles an hour. Appellee had no knowledge of the defects in the appliances furnished by appellant.

During the sickness of Hon. W. W. King, the district judge, Hon. S. G. Newton was elected special judge, and having called this case for trial and having organized a jury, the court was adjourned until the following week, when the regular judge having appeared, he proceeded with the trial from the point at which the special judge had left off. No objection was interposed to this action by appellant at the time, and the first time any objection was heard, was after a judgment had been rendered against appellant in the motion for a new trial. It has been held by our Supreme Court, that when a special judge has begun a trial it may be completed by the regular judge when he returns. Edwards v. James, 13 Texas, 52; The State v. Womack, 17 Texas, 237. The same position has been heretofore taken by this court. Coles v. Thompson, 27 S. W. Rep., 46.

The first and second assignments of error are not well taken. There was no error in overruling the exceptions which attacked the sufficiency of the petition in stating the facts requisite to constitute a cause of action, and its sufficiency in alleging the defects in the track, roadbed, road crossing, cattle guards, ditches, and bridge, or how the defects contributed to or caused the injuries of which complaint is made. The petition alleges the falling of the bridge, that just west of the road crossing and cattle guards there was a deep cut and a steep grade, and that the ditches were not sufficient to carry off the water that would ordinarily gather about the track, and that the water accumulated on the track, and that the planks on the crossing were not nailed down, and the water floated them up on the roadbed and derailed the car. The allegations are full and amply sufficient to admit any proof as to defects in the road and bridge. It is not necessary to plead the whole of the testimony. The allegations in the petition are ample to apprise appellant of every issue it will be expected to meet, and sufficient is alleged, if proved, to justify a recovery. Nothing more can be demanded of the pleading. A general allegation of the defects was sufficient, without entering into any great particularity as to the exact condition of the track, roadbed, crossing or bridge of appellant. Railway v. Brinker, 68 Texas, 500; Railway v. Smith, 74 Texas, 276; Railway v. Wilson, 79 Texas, 373. It is, however, argued by appellant, that the employe has no cause of action against the master except for his negligence, and such negligence can not be presumed from the accident, and therefore the employe must set up the particular act of negligence more fully than a passenger is required to do. A number of cases are cited to support this position, but none of them tend to uphold the theory that more specific pleading is required from an in-

jured employe than from any other person. Railway v. Templeton, 26 S. W. Rep., 1066.

We have passed upon petitions containing almost the identical allegations in companion cases as this, and held them sufficient. Railway v. Waldo, 26 S. W. Rep., 1004; Railway v. Norris and Railway v. Leonard, decided at a former day of this term.

The following is copied into the brief as the fifth assignment of error:

"The court erred in giving to the jury the first subdivision of its charge, which is as follows· 'If you believe from the evidence, that during a rainstorm on or about the 9th of August, 1892, a wreck occurred on defendant's line of railway, at or near the defendant's bridge across the Sabinal River, in Uvalde County, and that in said wreck, during said storm, the plaintiff was injured as charged in his pleadings; and if you further believe from the evidence, that the defendant had no track-walker or section men out on the track during said storm to guard against accidents; and if you further believe from the evidence, that the engineer in charge of the engine that was attached to and pulling the train continued to run said train during said storm, and ran said train over the track of defendant company, while the same was under water, at a great speed, without stopping to examine the said track and ascertain its condition, and its condition could be seen by him in time to stop the train, and while so running the train was derailed by planks and timbers that had floated on the track, and that in said acts on the part of said company and its employes the said company was guilty of negligence, as defined in this charge; and if you further believe from the evidence that the negligence, if any, on the part of defendant company and its employes were the proximate cause of the plaintiff's injury, then, and in that event, you will find a verdict for the plaintiff, as hereinafter charged.'

"1. Because the court assumes and instructs the jury that the facts therein constitute negligence, and that question should have been submitted to the jury; and the court in said charge states that the plaintiff is entitled to recover for the said acts on the part of said company and its employes, if the said company was guilty of negligence as defined in this charge, and negligence is nowhere defined, except that the facts set out and described in the first subdivision is negligence.

"2. Because the jury are instructed to find for the plaintiff if they believe from the evidence that the defendant company had no track-walker or section men out on the track during said storm to guard against accidents, there being no evidence that there was no track-walker or section men out on the track during said storm, or that the accident to plaintiff could have been avoided if they had been out; and the charge does not limit plaintiff's right to recover if the jury believe that the injury to plaintiff could have been avoided if its said track-walker or section men had been out on the track during the storm.

"3. Because the jury are instructed to find for plaintiff if they believe from the evidence that the engineer in charge of the train was negligent in running said train over the track of defendant company, while the same was under water, at a great speed, without stopping to examine the track and ascertaining its condition, the engineer being then and there the fellow-servant of plaintiff herein, and the court should so have instructed the jury; and further, that plaintiff could not recover if the jury believed that he was injured by reason of the negligence of said engineer, and in that connection erred in refusing to give the following special charge asked by defendant: 'You are further charged, that if you believe from the evidence that the plaintiff was injured as alleged, and that the negligence of the engineer in charge of the engine was the sole cause of the injury, then you will find for defendant.' And because there was no evidence that the engineer in running his train was guilty of any negligence contributing to plaintiff's injury."

There is no assignment in the record presenting the above recited points. The fifth assignment of error in the record is as follows:

"5. The court erred in giving to the jury the first subdivision of its charge, which is as follows: 'If you believe from the evidence, that during the rainstorm on or about the 9th day of August, 1892, a wreck occurred on defendant's line of railway at or near the Sabinal River, in Uvalde County; and if you believe from the evidence that in said wreck the plaintiff was injured as charged in the petition; and if you further believe from the evidence that the defendant company had no track-walker or section man out on the track to guard against accidents; and if you further believe from the evidence that the engineer in charge of the engine that was attached to and pulling said train was not a fellow-servant of the plaintiff (as fellow-servant is hereinafter defined), and continued to run said train during said storm; and if you further believe from the evidence that he ran said train over said track of said company during said storm while said track was under water, at a high rate of speed, without stopping to examine said track and ascertain its condition, and that its condition by the use of ordinary care could have been or was seen by him in time to stop the train, and while so running the train was derailed by a plank that had floated on the track; and if you further believe from the evidence that the plank which floated on the track of defendant was the plank used by the defendant in making the road crossing, and that the said defendant company had failed to use ordinary care to have the same fastened down so as to make it reasonably safe for the purpose for which it was intended; and if you further believe from the evidence that the defendant company had failed to use ordinary care in providing ditches to carry away the water which overflowed defendant's track (if it was overflowed), and that if in said acts (if any) on the part of the said company the said company was guilty of negligence as defined in this charge; and if you further believe from the evidence that such negli-

gence (if any) on the part of the defendant company was the proximate cause of plaintiff's injuries (if any), then, and in that event, you will find for the plaintiff as hereinafter charged.'   1.   Because the said charge assumes that if the track-walkers had been out upon the track the injuries to plaintiff would have been averted, and does not leave the jury to ascertain whether, if any such track-walker had been out upon the track at the time of the injury, the same would have been averted and the injuries to plaintiff prevented.   2.   That it left to the jury the question as to whether the engineer in charge of the engine and the plaintiff herein were fellow-servants, as will be more specifically set up hereafter.   3.   Because defendant is made liable if the engineer in charge of and running said engine at the time of the accident was negligent in running said train during the storm at a high rate of speed, without stopping to examine the track and ascertain its condition, and the condition of the track could have been ascertained by the exercise of ordinary care on the part of the engineer, or was seen by him in time to stop the train, because there was no evidence that the track at the time and place of accident was not in perfect condition, or that there was any defect in or about said track.   4.   Because the court assumes, that while the train was being so run by the said engineer a plank floated upon the track and caused the derailment of the car by which plaintiff was so injured.   5.   Because defendant is made liable if the jury believed from the evidence that the plank which floated on the track of the defendant was the plank used by defendant in making the road crossing, and that the said defendant company had failed to use ordinary care to have the same fastened down so as to make it reasonably safe for the purpose for which it was used, because the same imposed a higher degree of care upon defendant that it was required to use in furnishing implements for the use of its servants and employes, and the said charge requires the ordinary care to be such as to make it absolutely safe."

It will be seen by a comparison of the two copies above set out, that the charge is not objected to on the ground that there was no proof as to the track-walker or section men, nor on the ground that the court charged that the proof of certain facts constituted negligence.   The assignment in the record not being copied into the brief, must be considered waived.   There is no assignment in the record presenting the points set out in the fifth assignment as copied into the brief.   The sixth and seventh assignments of error complain of the third and fourth paragraphs of the charge as requiring more than ordinary care in the construction and repairing of the bridges and roadbed.

The charge is not open to the criticisms urged.   Ordinary care in constructing the appliances, and ordinary care in keeping them in a reasonably safe condition, is all that is required.   It is urged, because the charges required "ordinary care in construction of the road crossing and its ditches along the track and under the crossing, so as to

make them reasonably safe for use, and ordinary care to keep them in such condition," that this required the railroad to make them absolutely safe. In other words, that the charge should not have stated that the ordinary care should have had as its object the reasonable safety of the appliances. "The law is believed to be settled, that it is the duty of the railroad company to use ordinary care to provide such cars, roadbed, tanks, etc., as are reasonably safe" for its employes. Railway v Oram, 49 Texas, 341; Railway v. Bradford, 66 Texas, 732; Railway v. Huffman, 83 Texas, 286; Receiver v. Harden, 6 Texas Civ. App., 474. A charge containing language very similar to that complained of has been approved by the Supreme Court. Lumber Co. v. Denham, 85 Texas, 56. The testimony was sufficient to justify the submission of the question of defects in the roadbed, track, crossing, and bridge to the jury. The evidence shows clearly that the track was flooded by an ordinary rainfall, that there were no ditches to carry off the water, that the planks on the crossing floated on the track and derailed the caboose, and that when the car struck the bridge it fell down. The planks were loose on the crossing, and the cattle guard broken down, and the planks scattered about before the accident. This view of the evidence disposes of the eighth, ninth, and tenth assignments of error.

There is no error in the tenth subdivision of the charge of which appellant can reasonably complain. The charge instructs the jury that appellee, as a servant of appellant, had assumed "all ordinary risks and hazards to travel over defendant's road, and any and all other risks known to him." Practically all the risks assumed by appellee under the facts of this case were those incident to traveling from Del Rio to San Antonio, and while it would as an abstraction have been correct to have charged generally that appellant had assumed all ordinary risks incident to his employment, yet confining the risks to the case made by the facts can not be just cause for complaint.

The engineer of the train and appellee were not fellow-servants, as defined by statute. Appellee was not at work at the time, but was riding in the caboose from Del Rio to San Antonio in obedience to orders, and the District Court should have instructed the jury that he and the engineer were not fellow-servants. Appellant was not injured by submitting the issue to the jury. The evidence was sufficient to show that the derailment of the caboose car was caused by a failure to ditch the track, by the defective crossing and cattle guards, and the gross negligence of the engineer in running the train at a fast rate of speed through the water, and the contention of appellant that the verdict is not supported by the evidence is not well taken. The verdict is not attacked for excess.

The judgment is affirmed.

*Affirmed.*

Delivered December 19, 1894.

ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—The fifth assignment of error copied into the brief, not being embraced in the record, should not under the rules have been considered, and the reason given, that an assignment in a brief in the Goodwin case, which was decided by this court in May, 1894, was copied by mistake into the brief, does not show a valid excuse for a failure to properly present the assignment of errors as embodied in the record. However, we have thoroughly investigated the assignment as set forth in the record, and there is no merit whatever in it. All the objections embodied in the fifth assignment were embodied in those considered fully by the court. The charge in relation to the risks assumed by appellee not only made him assume all risks and hazards incident to travel over the railroad, but also "any and all other risks known to him." The motion is overruled.

*Overruled.*

Delivered January 23, 1895.

Writ of error refused.