### PAYNE et al. v. ALLEN et al.
### No. 2675.

Court of Civil Appeals of Texas. Beaumont.
Feb. 1, 1935.

Rehearing Denied Feb. 6, 1935.

Jno. T. Gano, of Houston, and Sullivan & Wilson, of Dallas, for plaintiffs in error.

C. M. Hightower and Wm. N. Bonner, both of Houston, for defendants in error.

O'QUINN, Justice.

Thomas O. Payne, for the benefit of himself and others, filed this suit in the district court of Montgomery county, against A. R. Allen and his wife, Janie Allen, O. Etheridge, and the First National Bank of Conroe, Tex. The cause was tried before Hon. J. W. Strode, special judge, to a jury upon special issues. The jury answered several of the issues submitted, and failed to answer others. Considering the answers of the jury insufficient upon which to render judgment, the court refused to give judgment for either party. The cause came before us on application of Allen, his wife, and Etheridge, for mandamus commanding said judge to render judgment, which application, upon hearing, was granted, and on June 29, 1933, in obedience to which Judge Strode rendered judgment on July 9, 1933. The judgment denied the plaintiffs any recovery, and discharged defendants with their costs. Motion for a new trial was overruled, and the case is before us on appeal by writ of error.

For a statement of the nature and result of the suit, and the question originally involved, we refer to the opinion of this court on the mandamus proceedings hereinabove mentioned reported in Allen v. Strode, Special Judge, 62 S.W.(2d) 289. There will be found a full statement of the nature of the suit, the pleadings of the parties, the issues submitted to the jury, and their answers to same, and a full discussion of the questions then involved. The questions here presented are practically the same as those there presented and determined. We here adopt the statement of the case there shown, and reaffirm the holdings there made. There are no assignments of error in defendants in error's brief, but they present eight propositions suggested as fundamental error for reversal of the judgment. Our former opinion, Allen v. Strode, supra, disposes of the first six propositions against defendants in error's contention, and, for the reasons there given and the authorities cited, they are overruled.

The seventh proposition urges that as the case was tried before a special judge, Hon. J. W. Strode, and the judgment entered by him, the motion for a new trial must have also been passed upon by him, and that as the regular judge, Hon. J. L. Manry, had resumed his bench and entered an order that all matters at that time pending in his court would be presented to and ruled upon by him, his action in refusing and overruling defendants in error's motion for a new trial was unauthorized and void. The proposition s overruled. The law is well settled against this contention. 25 Tex. Jur. p. 331, § 83; Galveston, etc., Railway v. Crawford, 9 Tex. Civ. App. 245, 27 S. W. 822, 29 S. W. 958 (writ refused).

The eighth proposition complains that the court committed reversible error in refusing the request of defendant in error Payne for an extension of time in which to prepare and file bills of exception and statement of facts.

Motion for a new trial was heard and overruled on July 15, 1933, at which time notice of appeal was given. No appeal bond was filed, but on December 8, 1933, writ of error bond was filed. February 16, 1934, plaintiff in error Payne filed his application for an extension of time "in which to have prepared, approved and filed statement of facts and bills of exception." The grounds upon which he based his application were:

"(1) That he has duly perfected his appeal herein, and has ordered a statement of facts from the court reporter.

"(2) That the record is voluminous, and the court reporter is going to need and require additional time within which to complete same.

"(3) That no harm will result in allowing such additional time, since the time allowed of course will not extend beyond the time allowed by law for the filing of the appeal record in the appellate court, and no delay will result from the allowance of such additional time herein."

Defendants in error filed a verified answer to and contest of the application for extension of time, and to their answer attached several exhibits as negativing the "good cause" grounds alleged by plaintiff in error. Among the exhibits was a statement from the court reporter and one from the clerk of the court. Upon a hearing of the motion, at which coun-

sel for each party appeared, and upon consideration of statements of counsel and the evidence embodied in the exhibits, the court refused the application, finding, and embodying his finding in his judgment, that good cause was not shown justifying the granting of the application.

The granting or refusing of an application for extension of time in which to file statement of facts and bills of exceptions is within the sound discretion of the court, and his action in the matter will not be disturbed, unless abuse of discretion is shown. Considering the grounds set forth in the application, the facts disclosed by the record and exhibits attached to the answer to and in contest of the application, we do not think abuse of discretion is shown, and the proposition is overruled. Article 2246, R. S. 1925, as amended by Acts 1931, c. 67 (Vernon's Ann. Civ. St. art. 2246). Moreover, it is believed that the matter is not properly before us for consideration. We think the exception to the court's ruling, refusing the requested extension, should have been preserved and brought forward by bill of exception, and, there being no such bill in the record, there is nothing for us to consider. Rankin v. Nash-Texas Co. (Tex. Civ. App.) 58 S.W.(2d) 902.

No error appearing, the judgment is affirmed.