## KANAMAN v. GAHAGAN. (No. 7452.)

(Court of Civil Appeals of Texas. Dallas.
May '28, 1921.)

**Appeal and error ⬤⟶1195(1)—After affirmance
by Supreme Court, opinion of Court of Civil
Appeals stands as law of case.**

Where the Court of Civil Appeals certified
a question to the Supreme Court, which an-
swered it in the affirmative, affirming the opin-
ion of the Court of Civil Appeals, such opinion
of the Court of Civil Appeals, originally hand-
ed down, reversing and rendering the judgment,
stands as the law of the case.

Appeal from District Court, Dallas Coun-
ty; Jas. P. Haven, Judge.

On motion for rehearing. Motion over-
ruled, and former opinion affirmed.

For former opinion, see 185 S. W. 619.
See, also, 230 S. W. 141.

Adams & Stennis, of Dallas, for appellant.
M. L. Morris and John W. Pope, both of
Dallas, for appellee.

HAMILTON, J. This cause was appealed
from the Sixty-Eighth district court of Dal-
las county. On February 5, 1916, this court
delivered its opinion reversing the judgment
of the trial court, and rendering judgment
for appellant, because of fundamental error.
The opinion of this court so deciding the case
is reported in 185 S. W. 619. That opinion
clearly states all the facts and exhaustively
considers the questions presented. For a
full understanding of 'the issues thoroughly
considered, and the conclusions correctly ad-
duced, we refer to the report of the opinion.

The suit was upon notes executed and de-
livered by appellant, under appellee's direc-
tion, as consideration for certain shares of
stock in a prospective corporation in process
of organization, which was later incorporat-
ed and the stock issued. In the course of
events preceding suit, the notes were trans-
ferred by the promoters of the corporation
to appellant, their employé; the considera-
tion for the transfer being that he might do
with the notes for them whatever his judg-
ment dictated. Maturity arrived, appellant
failed to pay, and the suit was filed. This
court adduced from the facts that the trans-
actions involved resulted in the issuance of
stock of a corporation in violation of article
12, § 6, of the state Constitution, which pro-
vides that—

"No corporation shall issue stock or bonds,
except for money paid, labor done, or property
actually received."

The case having been decided as above in-
dicated, the appellee filed an insistent mo-
tion for a rehearing, and the court, in con-
sidering this motion, arrived at the conclu-
sion that the holding upon the decisive fea-
ture of the case was in apparent conflict with
certain other decisions of our appellate
courts, whereupon the case was presented
to the Supreme Court by this court upon the
following certified question:

"Do the facts and transactions recited in
our statement of the case constitute, within the
meaning of the Constitution and statute, an
issue of corporate stock?"

The Supreme Court has answered this
question in the affirmative, affirming the
opinion of this court above cited. See opin-
ion of Supreme Court in W. I. Kanaman v.
H. I. Gahagan, 230 S. W. 141. The opinion
of this court originally handed down, revers-
ing and rendering the judgment, and publish-
ed in 185 S. W. 619, therefore stands as the
law of the case, and reference is made to
that decision without further discussion.

The motion for rehearing is overruled.