**HAMILTON–TURNER GROCERY CO. v. HANDER et al. (No. 6567.)**

(Court of Civil Appeals of Texas. Austin. April 11, 1923. Rehearing Denied June 13, 1923.)

**1. Bills and notes ⬤⟲337—Rule as to notice of defect in note stated.**

The ordinary rule as to notice does not apply to a purchaser in good faith for value before maturity, and hence, unless the purchaser had actual knowledge of facts which rendered the note noncollectible, it is immaterial that he had notice of such fact as would have put a reasonably prudent man upon inquiry, and that such inquiry would have led to the discovery of the fact alleged as a reason why the note was noncollectible.

**2. Bills and notes ⬤⟲337, 509—That purchaser before maturity had knowledge of facts prompting reasonable man to inquire held admissible only to show actual knowledge of fraud.**

In action on a note, such facts as would be permissible in an ordinary case to show that the purchaser had knowledge of facts that should have put a reasonable man upon inquiry are permissible in evidence as a circumstance tending to show that the purchaser had actual knowledge of the fraud, but otherwise the proof of such facts is immaterial.

**3. Bills and notes ⬤⟲359—Note held acquired in due course of trade and for value.**

Where plaintiff acquired defendant's note before maturity, in part payment of property sold by plaintiff to the payee of the note, *held*, that the note was acquired in due course of trade, and for a valuable consideration.

**4. Corporations ⬤⟲80(1)—Rrepresentation as to future payment of dividends of stock held not ground for rescinding note given in payment of stock.**

A promise relating to a future event, such as a representation by agents that stock sold by them for which a note was given would pay an annual dividend of 8 per cent., is not a basis for rescission unless the promisor had no intention of fulfilling his promise at the time it was made.

**5. Bills and notes ⬤⟲343—Purchaser not required to anticipate breach of contract for which note was given.**

A purchaser of a note not participating in the original fraudulent promise of the payee, and having no knowledge of the same, is not required to anticipate that the contract will be breached by a failure to keep the promise made.

**6. Corporations ⬤⟲639—Foreign corporations may not sell stock on credit.**

When a foreign corporation comes into Texas it will not be permitted to violate the plain provision of Const. art. 12, § 6, by selling its stock on credit.

**7. Witnesses ⬤⟲37(1)—Admission of testimony relative to receipt of letter, advising witness to purchase stock, held erroneous in absence of knowledge who wrote letter.**

In an action on a note given in payment of stock in a corporation, testimony over objection that witness received a letter from T., member of plaintiff's firm, advising witness to purchase stock, such testimony being offered to show plaintiff purchaser had knowledge of the consideration for which the note was given by defendant, *held* erroneously received where the

witness' did not produce the letter, and did not know who wrote it.

**8. Bills and notes ⊜⟹537(6)—Purchaser without knowledge that note was given for stock in corporation entitled to, directed verdict.**

If the testimony in an action on a note given in payment of stock in a corporation is not sufficient to raise the issue as to whether plaintiff purchaser knew at the time of the purchase of the note that it was given for stock in a corporation, the court should instruct a verdict for plaintiff for the amount of the note, principal and interest.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by the Hamilton-Turner Grocery Company against T. W. Hander and another. Judgment for the named defendant, and plaintiff appeals. Reversed and remanded for new trial.

W. L. Eason, of Waco, for appellant.
Sam R. Scott, of Waco, for appellees.

JENKINS, J. Appellee Hander executed a note to the Industrial Transportation Company, dated August 16, 1919, payable 90 days after date, for $1,100. This note was indorsed to the Hamilton-Turner Grocery Company before maturity, who paid a valuable consideration therefor. Appellant instituted suit against Hander and the Industrial Transportation Company to recover on said note. Hander defended on the ground that the note was void, for the reason that it was given in payment of stock in the transportation company, a corporation, and upon the further ground that appellant had notice of such fact when it purchased the note. Hander also alleged fraud in that the representatives of the transportation company represented to him, at the time of his purchase of the stock, that it would pay 8 per cent. dividend, and that they would maintain and operate a store at Perry, Tex.; that said representations were fraudulent, and were not complied with.

The court submitted the case upon special issues, as follows:

"(1) Did the agents of the Industrial Transportation Company, in selling the stock to the defendant Hander, represent to him that the said company would pay an annual dividend of 8 per cent., and would maintain and operate a store in Perry, Tex.? Answer 'Yes' or 'No.' Answer: Yes.

"(2) State whether or not the defendant Hander, in purchasing said stock, relied upon said statements so made to him, and was induced thereby to buy said stock? Answer 'Yes' or 'No.' Answer: Yes.

"(3) State whether or not the Hamilton-Turner Grocery Company, through either of its agents, Hamilton or Turner, knew such representations were made at the time they received the note in issue herein. Answer 'Yes' or 'No.' Answer: Yes.

"(4) State whether or not the Hamilton-Turner Grocery Company, through either of its agents, Hamilton or Turner, knew that the note in issue herein was executed in payment for stock in the Industrial Transportation Company at the time they received same. Answer 'Yes' or 'No.' Answer: Yes.

"Question No. 5, requested by defendant: Did Hamilton-Turner Grocery Company, through its officers or agents, at the time it acquired the note in question, have knowledge of such facts relating to the consideration for which said note was given as would have placed an ordinarily prudent person upon inquiry? Answer: Yes.

"Question No. 6, requested by defendant: Did Hamilton-Turner Grocery Company make any inquiry relative to the consideration for which said note was given before they acquired it? Answer: No.

"Question No. 7, requested by defendant: On what date did Hamilton-Turner Grocery Company, plaintiff herein, acquire said note? Answer: November 20, 1919."

Judgment was rendered upon these findings of the jury in favor of Hander that appellant take nothing as against him; and against the transportation company for the amount of the note. The transportation company did not answer, and it has not appealed.

**Opinion.**

[1] Appellant seasonably excepted to the giving of questions Nos. 5 and 6, as shown in the findings of fact. We hold that it was reversible error to submit these issues and render judgment upon the findings thereto. The ordinary rule as to notice does not apply to a purchaser of a negotiable instrument for valuable consideration before maturity. The test in such cases is good faith; and, unless the purchaser had actual knowledge of the facts which rendered the note noncollectible, it is immaterial that he had notice of such fact as would have put a reasonably prudent man upon inquiry, and that such inquiry would have led to the discovery of the fact alleged as a reason why the note was noncollectible. Hynes v. Winston (Tex. Civ. App.) 40 S. W. 1025; Forster v. Enid (Tex. Civ. App.) 176 S. W. 789; Wilson v. Denton, 82 Tex. 535, 18 S. W. 620, 27 Am. St. Rep. 908; Buchanan y. Wren, 10 Tex. Civ. App. 560, 30 S. W. 1077; Goodman v. Simonds, 20 How. 343, 15 L. Ed. 934; Murray v. Lardner, 2 Wall. 110, 17 L. Ed. 857; Cromwell v. Sac County, 96 U. S. 51, 24 L. Ed. 681; Shaw v. Railroad Co., 101 U. S. 564, 25 L. Ed. 892; Swift v. Smith, 102 U. S. 444, 26 L. Ed. 193; Daniel, Neg. Inst. § 775.

[2, 3] Such facts as would be permissible in an ordinary case to show that the purchaser had knowledge of facts that should have put a reasonable man upon inquiry are

permissible in evidence as a circumstance tending to show that the purchaser had actual knowledge of the fraud, but otherwise the proof of such facts is immaterial. The undisputed evidence shows that appellant acquired this note before maturity. It took the note in part payment of property sold by it to the transportation company. Such being the fact, the note was acquired in due course of trade, and for a valuable consideration. Heffron v. Cunningham, 76 Tex. 318, 13 S. W. 259; Herman v. Gunter, 83 Tex. 69, 18 S. W. 428, 29 Am. St. Rep. 632; Gaston v. Campbell, 104 Tex. 576, 140 S. W. 770, 141 S. W. 515.

Appellant contends that appellees' answer is not sufficient to raise the issue as to the note being void under section 6, art. 12, of the Constitution of this state. As this case is reversed upon the grounds above stated, we suggest, without passing upon this issue, that it would be better that appellant were more specific in his allegations of fact in reference to this matter.

[4] Appellant objected to the submission of special issues Nos. 1 and 2, for the reason that they related to a promise as to a future event, and therefore would not furnish sufficient basis for a rescission. This is a correct proposition of law; the only exception being that where the promisor had no intention of fulfilling his promise at the time it was made. Moore v. Cross, 87 Tex. 557, 29 S. W. 1051; Ry. Co. v. Titterington, 84 Tex. 222, 19 S. W. 472, 31 Am. St. Rep. 39; Bigham v. Bigham, 57 Tex. 238; Wagner v. Colt (Tex. Civ. App.) 234 S. W. 934; 26 C. J. 1087.

[5] Even had the agents of the transportation company made fraudulent promises as to material matter, not intending at the time that they should be complied with, this would be no defense against the purchaser of the note prior to the time when such promises should have been fulfilled. The purchaser of a note, not having participated in the original fraudulent promise, and having no knowledge of the same, is not required to anticipate that the contract will be breached by a failure to keep the promises made. Forster v. Enid, supra, 790; 8 C. J. 509.

[6] Appellant contends that section 6 of article 12, Texas Constitution, is not applicable in the instant case, for the reason that the Industrial Transportation Company was a corporation, organized under the laws of the District of Columbia; it being shown that under the laws of that District a corporation might sell stock on credit. We do not think there is any merit in this contention. When a foreign corporation comes into Texas it will not be permitted to violate the plain provision of our Constitution by selling its stock on credit.

[7] J. D. Conner, witness for appellee, was permitted to testify, over objection of appel-

lant, that he received a letter from a Mr. Turner advising him to purchase stock in the Industrial Transportation Company. This letter was offered for the purpose of showing that the appellant had knowledge of the consideration for which the note herein sued on was given. The witness did not produce the letter. He did not remember the initials of the writer. It was not written on any letterhead, but on a tablet, with a lead pencil. He did not know the handwriting of W. H. Turner, a member of the Hamilton-Turner Grocery Company, and did not know that it was written by W. H. Turner. In fact, he did not know who wrote the letter. It was error to admit this testimony. Turner testified that he did not write this letter.

[8] Upon another trial of this cause, if the testimony is not sufficient to raise the issue as to whether appellant knew at the time it purchased the note that it was given for stock in the Industrial Transportation Company, the court should instruct a verdict for appellant for the amount of the note, principal and interest.

For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for a new trial.

Reversed and remanded.