### HAMILTON–TURNER GROCERY CO. v. HANDER. (No. 486.)*

Court of Civil Appeals of Texas. Waco.
March 10, 1927.

Rehearing Denied April 14, 1927.

**1. Trial ⬅143—Controverted issues of fact are for jury.**

Jury has right to pass on controverted issues of fact.

**2. Corporations ⬅92—Note for corporate stock held unenforceable by assignee of corporation with notice of consideration, notwithstanding assignment was before issuance of stock (Const. art. 12, § 6).**

Note given corporation in payment for stock, which corporation could not enforce because of violation of Const. art. 12, § 6, prohibiting issuance of corporate stock on credit, could not be enforced by assignee of corporation having actual knowledge of facts, though no certificate of stock was actually issued to

maker of note until after note's assignment; assignee not being innocent purchaser for value.

**3. Corporations ⬅639—Foreign corporation cannot take note for its stock within state, though permitted to do so under laws of state of organization (Const. art. 12, § 6).**

Under Const. art. 12, § 6, prohibiting issuance of corporate stock on credit, foreign corporation was prohibited from taking notes in payment for stock, though under laws of state of organization corporation could issue stock on credit.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Suit by the Hamilton-Turner Grocery Company against T. W. Hander and another. Judgment for the defendant named, and plaintiff appeals. Affirmed.

W. L. Eason, of Waco, for appellant.
Sam R. Scott and Bryan & Maxwell, all of Waco, for appellee.

BARCUS, J. This suit was instituted by appellant against appellee T. W. Hander and the Industrial Transportation Company, a corporation, seeking judgment on a note for $1,100, executed by said Hander and payable to the Industrial Transportation Company, and by. it transferred to appellant. During the pendency of the suit,. the Industrial Transportation Company was adjudged a bankrupt, and it was dismissed. Appellee admitted signing the note in controversy, and, as a defense thereto, alleged that the note was given for stock in the Industrial Transportation Company, and that the issuance of stock by said company was the sole consideration which he received therefor, that, at the time appellant purchased the note, it had actual knowledge of said fact, and that, by reason of said note having been executed in payment for stock in said corporation, it was not under the laws of Texas a binding obligation upon him. The cause was tried to a jury and submitted on one issue. Based upon the finding of the jury and additional findings by the court, judgment was rendered in favor of appellee.

The record shows that the note in controversy was given by appellee to the Industrial Transportation Company in full payment for stock which was issued by said company to him. It appears that Mr. Bauman and Mr. Maddox, stock salesmen for the Industrial Transportation Company, sold appellee $1,100 worth of stock in said corporation, took the $1,100 note in controversy therefor, and gave him a receipt calling for the stock certificate. They then delivered the note to the Industrial Transportation Company, and said company, about 30 days thereafter issued and mailed to appellee the corporate stock without any other consideration being paid by appellee. Appellant, a corporation, acting through its

authorized officers, Sam Hamilton and Will Turner, purchased the note for a valuable consideration before maturity.

[1] The jury found that Mr. Hamilton or Mr. Turner, at the time the note was purchased, knew that it was given for stock in the Industrial Transportation Company. Appellant by a number of assignments challenged this finding as being unsupported by the evidence. We have carefully read the statement of facts, and we think the evidence supports the jury's finding. There is evidence which would have supported a contrary finding. It is, however, the jury's prerogative to pass on controverted issues of fact.

[2] Appellant contends that section 6 of article 12 of the state Constitution, inhibiting the issuance of corporate stock on a credit, was not violated by the Industrial Transportation Company, because it appears that the note was signed and delivered by appellee to the stock salesmen on August 16, 1919, and that at said time no certificate of stock was actually delivered to him, and that, before the Industrial Transportation Company actually issued the stock, it had sold and transferred the note to appellant. We cannot agree with this contention. It is not clear from the testimony when the Industrial Transportation Company actually sold the note to appellant. Since the jury found that, at the time appellant purchased the note, it had actual knowledge of the fact that it had been given for stock in the Industrial Transportation Company, it cannot claim to be an innocent purchaser for value, and the corporation could not, by transferring the note to appellant, who had actual knowledge of the facts, make same a binding obligation when it was not a binding obligation as between appellee and said corporation. Kanaman v. Gahagan, 111 Tex. 170, 230 S. W. 141. As is said by the Supreme Court in Kanaman v. Gahagan, supra, the Constitution of this state prohibits the issuance and delivery of stock in a corporation for a note. Where the stock is actually issued and delivered, the note is unenforceable in a suit by the corporation thereon. Under the facts in this case, there can be no question but that the stock in the corporation was actually issued and delivered to appellee, and the only consideration paid therefor by him was the execution and delivery of the note. Appellant's contention that it is necessary at the time the note is executed to actually deliver the stock at the same moment is untenable. The stock salesmen were not authorized to actually issue and deliver certificates of stock. The corporate officers alone could do this. The stock salesmen sold the stock, gave appellee a receipt calling for the stock certificate, and delivered the note to the corporate officers, who, in consideration therefor, issued and delivered the stock certificate to appellee. Appel-

lee was the owner of the stock and entitled to same when he executed and delivered the note and received the receipt calling for the stock certificate. Chapman v. Denton (Tex. Civ. App.) 268 S. W. 252.

[3] Appellant complains of the action of the trial court in refusing to permit it to offer in evidence a certified copy of the charter of the Industrial Transportation Company for the purpose of showing that said company was a corporation incorporated under the laws of the District of Columbia, and in refusing to permit it, in connection with said charter, to offer in evidence the laws of the District of Columbia, showing that a corporation under the laws of the District of Columbia could issue stock on a credit. We overrule this assignment. This issue was, we think, correctly decided adversely to appellant's contention on the former appeal. Hamilton-Turner Grocery Co. v. Hander (Tex. Civ. App.) 253 S. W. 833.

We have examined all of appellant's assignments of error and do not think any of them show cause for reversing the judgment of the trial court, and same are overruled.

The judgment of the trial court is affirmed.