Article 1851 of the Revised Civil Statutes of Texas 1925 provides:

"Whenever there shall arise an issue of law which a Court of Civil Appeals should deem advisable to present to the Supreme Court for adjudication, the presiding judge shall certify the question to be decided by the Supreme Court."

In the case of Taylor et al., Appellants, v. Higgins Oil & Fuel Co. et al., Appellees, 298 S. W. 891, wherein the honorable Court of Civil Appeals of the Ninth district, through its Chief Justice, certified certain questions, this section of the Commission of Appeals handed down an opinion which was adopted by the Supreme Court and not yet [officially] printed, dismissing the certificate, wherein this language was used in speaking of the construction of the above-quoted article:

"This clearly contemplates that an issue of law involved in a pending case rather than the case as a whole should be certified. Such has been the holding of our Supreme Court in nu-

merous cases. It was never contemplated by the Legislature that the duty devolved upon the Court of Civil Appeals to decide a given case could be transferred to the Supreme Court through the medium of a certificate. If this were permissible, it could and would follow in those cases where by statute the jurisdiction of the Court of Civil Appeals is made final that the Supreme Court would in truth be called upon to decide the case, in effect exercising the jurisdiction made final by statute in the Court of Civil Appeals" (citing Owens v. Tedford, 114 Tex. 390, 269 S. W. 418).

An inspection of the certificate in this case shows that it is subject to the objections quoted in the case above cited as well as in the case of Owens v. Tedford and many others which might be cited.

We therefore recommend that the certificate be dismissed.

CURETON, C. J. The opinion of the Commission of Appeals dismissing certified questions is adopted, and the dismissal ordered certified to the Court of Civil Appeals.

---

### HAMILTON–TURNER GROCERY CO. v. HANDER et al. (No. 825–4875.)

Commission of Appeals of Texas, Section B, Nov. 23, 1927.

1. **Appeal and error** ⬅1095—**Court of Appeals' finding that note was purchased for value before maturity is binding on Supreme Court.**

Finding by Court of Civil Appeals as a fact that holder of note purchased it for a valuable consideration before maturity is binding on Supreme Court.

2. **Appeal and error** ⬅1091(1)—**Supreme Court, in absence of finding, may conclude trial judge found facts in harmony with judgment.**

In absence of finding of fact by the Court of Civil Appeals, Supreme Court is justified in concluding that trial judge found facts in harmony with judgment rendered.

3. **Corporations** ⬅92—**Failure to instruct that defendant must sustain defense that note was payment for corporate stock by preponderance of evidence held error.**

Failure of court to instruct jury that defendant, in action on note, must establish defense, by preponderance of the evidence, that note was given in payment for stock of corporation, *held* erroneous.

4. **Bills and notes** ⬅214—**Date of ownership of note is date of executing and delivering deed to property for which note was conditionally delivered.**

In case note was delivered to third person conditionally that ownership should be acquired when assignee executed and delivered a deed to certain property to assignor, date of ownership

of note would be when deed to property was executed and delivered.

**5. Bills and notes ⬡═516—Defense to ordinary note must be proven by preponderance of evidence (Vernon's Ann. Civ. St. 1925, art. 5933, § 24).**

Any defense to note in ordinary form, and to all intents and purposes a negotiable instrument, must be proven by a preponderance of evidence, in view of Vernon's Ann. Civ. St. 1925, art. 5933, § 24.

**6. Corporations ⬡═92—Note for corporate stock is not utterly void, but may be valid, where interest of innocent purchaser for value intervenes (Const. art. 12, § 6; Rev. St. 1925, art. 1353).**

Note, executed in payment for stock of corporation, is not utterly void under Const. art. 12, § 6, and Rev. St. 1925, art. 1353, but may be valid under certain conditions, where interest of a third party has intervened so as to be innocent purchaser for value of note.

**7. Corporations ⬡═92—Mutual exchange of note for corporate stock constitutes defense only if parties so intended and subsequent purchaser knew thereof.**

In case intention of purchaser of corporate stock and corporation was that note given corporation was in mutual exchange for stock, and subsequent purchaser for value knew of such intention and of fact evidencing it, a valid defense is established as to note; otherwise it would not constitute defense.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by the Hamilton-Turner Grocery Company against T. W Hander and others. Judgment for defendants (293 S. W. 341), and plaintiff brings error. Reversed and remanded.

See, also, 253 S. W. 833.

W. L. Eason, of Waco, for plaintiff in error.
Bryan & Maxwell, and Sam R. Scott, all of Waco, for defendants in error.

SHORT, P. J. This case has reached the Court of Civil Appeals twice; the judgment of the trial court having been reversed the first time and affirmed the second, both judgments in the trial court having been in favor of the defendant in error. The opinions of the Court of Civil Appeals are reported in 253 S. W. 833, and 293 S. W. 341. The suit is based upon a promissory note executed by the defendant in error Hander, payable to the Industrial Transportation Company, a corporation, for $1,100, dated August 16, 1919, and due 90 days after date, and transferred without recourse by the transportation company to the plaintiff in error. During the pendency of the suit, the Industrial Transportation Company was adjudged bankrupt, and it was dismissed from the case. Hander admitted signing the note in controversy, and, as a defense, alleged that it was given for stock in the Industrial Transportation Company, and the issuance of the stock by the said company was the sole consideration which he received therefor, and that, at the time plaintiff in error purchased the note, it had actual knowledge of that fact, and that, by reason of said note having been executed in payment of stock in said corporation, it was not a lawful obligation.

The Court of Civil Appeals in its opinion finds that the note in controversy was given by Hander to the transportation company in full payment for stock which was issued by said company to him; that the execution of the note was procured by certain stock salesmen for the Industrial Transportation Company in consideration of an equal amount of stock of said company; that these salesmen then delivered the note to the Industrial Transportation Company, and the company, about 30 days thereafter, issued and mailed to defendant in error the stock without any other consideration being paid for it; and that the plaintiff in error, a corporation, acting through its authorized officers, purchased the note for a valuable consideration before maturity. The jury found in response to a special issue that the plaintiff in error, at the time the note was purchased, knew that it was given for stock in the Industrial Transportation Company. Plaintiff in error, by a number of assignments, challenged this finding of the jury as being unsupported by the testimony, but the Court of Civil Appeals found that there was evidence sufficient to support the finding, and that the judgment of the trial court, based thereon, was supported by sufficient testimony. The case has reached the Supreme Court in the usual way; the application for the writ presenting many assignments of error which we do not find it necessary to discuss separately.

[1, 2] The Court of Civil Appeals having found as a fact that the plaintiff in error purchased the note for a valuable consideration before maturity, the Supreme Court is bound by this finding. However, the statement of facts contains testimony to the contrary which would justify the finding that, while the plaintiff in error did pay the valuable consideration for the note, it did not become the purchaser thereof until after it had matured. It appears that the plaintiff in error had a contract with the transportation company to purchase certain real estate in the city of Waco for a cash consideration of $20,000, and that this contract was finally consummated more than 90 days after the date of the note, which was accepted by the plaintiff in error from the transportation company as a part of the cash consideration. However, it appears that the manual delivery of the note by the transportation company to the plaintiff in error was made before the note matured. Upon the first trial

---

of the case this issue was submitted to the jury, and the jury found that the note was not delivered until 90 days had expired after the note had been given. Upon the second trial of the case, this question was not submitted; neither party having requested it, and no objection having been made to the failure to submit it. In the absence of a finding of fact to the contrary by the Court of Civil Appeals, this court would be justified in concluding that the trial judge found this fact in harmony with the judgment rendered. In other words, there is a conflict in the testimony as to the question when the note was delivered by the transportation company to the plaintiff in error.

The charge of the trial court to the jury is as follows:

"The issues in this case will be submitted to you in the form of a certain special issue, which, when answered by you and properly signed by your foreman, will constitute your verdict.

"Special issue No. 1. Did either Sam Hamilton or Will Turner, at or prior to the time plaintiff acquired the note sued upon, know that same was given in payment of stock in the Industrial Transportation Company? Answer 'Yes' or 'No.'

"The burden of proof in this case is upon the defendant to establish by the evidence the affirmative of the above issue.

"You are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony."

The jury answered the question in the affirmative, and judgment was rendered accordingly.

[3] To the charge of the court the plaintiff in error duly excepted, basing its objections upon many grounds, one of which is that the trial court failed to instruct the jury that, in order to find in the affirmative upon the issue submitted, the duty devolved upon the defendant in error to establish the fact by a preponderance of the evidence. We sustain this assignment.

The plaintiff in error also asked the trial court to submit special issue No. 1 in the place of the one it did submit, in the following language:

"Did either Sam Hamilton or Will Turner (agents of the plaintiff in error), at or prior to the time plaintiff acquired the note sued upon, know that the same had been given in payment for stock issued and delivered by the Industrial Transportation Company to T. W. Hander?"

[4] This request was denied, and exception duly reserved to this action. It will be observed that the essential difference between the wording of the issue actually presented and that requested arises from the fact that the issue tendered ignored the question whether the stock for which the note was given in payment had been issued and delivered by the Industrial Transportation Company to T. W. Hander at or prior to the time plaintiff acquired the note sued upon. The testimony in the case is not very clear as to the date when the ownership of the note was acquired by the plaintiff in error, nor as to the date when the stock was actually issued and delivered to the defendant in error. Moreover, the testimony does raise the issue as to when the plaintiff in error actually became the owner of the note by paying value therefor. The date of the manual delivery of the note, while important, is not conclusive. If the note was delivered conditionally —that is, upon the condition that its ownership should be acquired when the deed to the property purchased by the transportation company from the plaintiff in error had been executed and delivered—then the date of the ownership of the note would be when the deed to the property was executed and delivered. The testimony presents two questions of fact of vital importance, one being, What was the intention of the defendant in error and the agents of the transportation company at the time the note was executed and delivered as to whether the note was given in exchange for the stock of the company, the latter to be issued and delivered prior to the time the note was to be paid? And the other being whether the plaintiff in error knew of this intention to exchange for the note of the defendant in error the stock of the transportation company. If both of these questions should be answered in the affirmative, then the defense set up to the demand for the payment of the note would be a complete one. If the first question should be answered in the affirmative and the second in the negative, and it should be decided further that the plaintiff in error became the owner of the note for value before maturity, the plaintiff in error would be entitled to recover. The Negotiable Instrument Act, now article 5933, § 24, of Vernon's Annotated Texas Statutes, provides that:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

[5] The note in question was in the ordinary form of promissory notes, and was to all intents and purposes a negotiable instrument. It contained nothing to indicate that it did not evidence a valid transaction between the parties thereto. So appearing, the plaintiff in error was justified in concluding that it represented a valid promise to pay the sum of money mentioned therein at the due date, and that it had been issued for a valuable consideration. So, when the plaintiff in error had introduced this instrument, it established every material allegation in its petition. Any defense permitted by the law against a demand so evidenced must be proven by a preponderance of the evidence,

and a jury trying this issue of fact must be instructed by the trial court accordingly. This was not done, and, due exception having been taken to the failure to do so, in the state of the record the error constitutes a reversible one.

Section 6 of article 12 of the Constitution of this state provides that:

"No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

Article 1353 of the Revised Statutes of 1925 provides that:

"No corporation shall issue any stock whatever, except for money paid, labor done which is reasonably worth at least the sum at which it was taken by the corporation, or property actually received reasonably worth at least the sum at which it was taken by the company."

[6] The purpose of article 12, § 6, of the Constitution and of this article, is to insure an equivalent in corporate property for such stocks or bonds as are in circulation and subject to purchase by the public. While an agreement between a corporation and a stock subscriber that it will accept his promissory note in payment for stock is invalid between the parties, in view of this provision of the Constitution, neither a note executed nor stock issued under it is utterly void, but, on the contrary, may be valid under certain conditions, where the interest of a third party has intervened so as to become an innocent purchaser for value of the note. Washer v. Smyer, 109 Tex. 398, 211 S. W. 985, 4 A. L. R. 1320.

This question we are discussing has been elaborately treated in Lockney State Bank v. Martin, in a majority opinion written by Chief Justice Huff of the Court of Civil Appeals at Amarillo, and in a dissenting opinion by Justice Hall of the same court, reported in 191 S. W. 796. It was the only question involved in that case, and the Supreme Court of this state refused a writ of error, thus and thereby giving its approval to the proposition that, as the Constitution forbids the issue of stock except for money, labor, or property, but does not declare a note executed for that purpose void, while such note is void as between the original parties and those with notice, or who have not paid value, it is enforceable in the hands of a holder before maturity for value without notice and in due course of trade.

In Thompson v. First State Bank of Amarillo, 109 Tex. 419, 211 S. W. 977, in an opinion written by Chief Justice Phillips of the Supreme Court, the doctrine was laid down that a promissory note of a subscriber which only evidenced his liability on his subscription in another form constituted not payment, but merely a promise to pay, and was not "property actually received" within arti-

cle 12, § 6, of the Constitution, prohibiting the issuance of corporate stock, except for such property, and that, under this provision of the Constitution, the issuance of corporate stock, except for property actually received, the giving of a note for stock is not a valid payment, but neither the stock issued nor the note given is void. It was further held in that case that persons dealing with a corporation, while chargeable with knowledge of its powers, are not bound to take notice of the manner in which it is attempted to exercise them, and that a subscriber to stock of a corporation who gives his note therefor in violation of this provision of the Constitution is estopped to assert invalidity of the transaction in a suit to enforce the note for the benefit of creditors, meaning, of course, such creditors as were without notice of the invalidity of the transaction.

We are of the opinion that, when the plaintiff in error introduced the note, it established a prima facie case in its favor, and that, to defeat the result of this proof, it was incumbent upon the defendant in error to establish by a preponderance of the evidence the facts above outlined necessary to constitute a valid defense, and that, as a guide for reaching a proper conclusion of this issue, it was incumbent upon the trial court to instruct the jury in accordance with these legal principles.

[7] Averting again to the conflict of the testimony with reference to the intention of the parties as to whether it was contemplated that the stock of the transportation company should be purchased on a credit, and it was not contemplated by the parties that the stock should not be issued until the note had been paid, and to the fact that the record shows that the note was executed and delivered at one date, and that the stock was issued and delivered at another date subsequent thereto, it appears without contradiction that the note was procured by the selling agents of the transportation company at the home of the defendant in error, who afterwards delivered it to the transportation company, whose principal office was in the city of Washington, District of Columbia, a great distance from where the note was delivered, from which it might reasonably be concluded that this difference of time in the delivery of the note and the issuance and delivery of the stock was occasioned by this situation and the necessities of the case. The test is whether the parties intended that there should be a mutual exchange of the note for the stock whereby the ownership of the note passed to the transportation company and the ownership of the stock passed to the defendant in error. If such was the intention of the parties, and the plaintiff in error knew of this intention and of the facts evidencing it, then a valid defense was established; otherwise, such a defense was not.

There are some assignments in the record as to the sufficiency of the pleadings of the defendant in error. The exceptions found in the record filed by the plaintiff in error do not rise to the dignity of special exceptions; they are mere general demurrers. Measured by a general demurrer, the pleadings of the defendant in error are sufficient to admit to proof of the facts claimed by him.

We have considered all the other assignments, and find no merit in them, but for the error committed by the trial court and the Court of Civil Appeals heretofore discussed we recommend that the judgments of those courts be reversed and the cause remanded for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.