**A. F. GURECKY, Appellant,**

v.

**Z. P. OWENS, Appellee.**

No. 3202.

Court of Civil Appeals of Texas.

Waco.

Sept. 23, 1954.

Ralph Hartman, Forrester Hancock, Waxahachie, for appellant.

George P. Hines, Ennis, for appellee.

HALE, Justice.

The parties to this appeal will be referred to as they were in the trial court. Plaintiff sued defendant to recover on a promissory note in the principal sum of $500 which defendant had executed and delivered to Cosmopolitan Building Corporation, alleging that the payee in the note, for a valuable consideration and in due course of trade, and before maturity, had endorsed the note to plaintiff, who thereupon became the legal owner and holder thereof. Defendant answered with a plea that the execution of the note was induced by fraud, that the consideration for its execution had failed, and that the transaction out of which the note arose was illegal and consequently the contract sued upon was unenforceable.

The case was tried before the court below without a jury and resulted in judgment that plaintiff take nothing. At the request of plaintiff, the trial court filed findings of fact as follows:

"(1) The note sued on by plaintiff and introduced in evidence was executed by the defendant Owens to the Cosmopolitan Building Corporation for shares of stock in said corporation. At the time of the execution of said note and also when plaintiff took same as security, the said corporation had not been chartered, and it was not until

several months later that a charter was granted to said corporation by the Secretary of State. The plaintiff had himself theretofore acquired stock in said corporation, and he knew then and at the time he obtained defendant's note as security that said corporation had not been chartered or said stock actually issued, and when such charter was finally issued several months later, he and others put money in the bank to induce the Secretary of State to grant the charter, such money being taken down by him and the others immediately after said charter had been granted. Each subscriber of stock, including the plaintiff and defendant, were notified in writing by the proposed corporation that their shares of stock would be subsequently issued after said corporation was chartered.

"(2) The said Cosmopolitan Building Corporation was a twin or sister company to the Cosmopolitan Insurance Company, the stockholders and directors (and at least the operators) of which were responsible for the organization of the Cosmopolitan Building Corporation, the stockholders and directors (and at least the operators) of both corporations being practically identical.

"(3) I find that the plaintiff Gurecky was no stranger to either company, corporation or organization and that he had full knowledge of the progress, workings and business affairs of each corporation during all times material to this suit, and in fact kept in close touch and contact with both corporations from their beginning to their end.

"(4) I find that both said corporations were never going concerns and that both became defunct or insolvent soon after they were organized or created, and that the plaintiff so knew or should have known.

"(5) I find that the plaintiff gave value to the said Building Corporation when he acquired the defendant's note as collateral security by making a loan to said Cosmopolitan Building Corporation. But I further find that at the time of said acquisition the said plaintiff knew, and should have known, that the defendant's note had been given by him to said Cosmopolitan Building Corporation for shares of stock in said corporation, which said shares had not then been issued but were to be thereafter issued to said defendant when a charter to said corporation had been granted."

██ By Points 1 to 5 in his brief, plaintiff says the trial court erred in each of the foregoing findings because he says there is no evidence of probative value to support any of the same and that each finding is clearly wrong. We cannot agree with these contentions. Viewing the evidence as a whole in the light most favorable to sustain the judgment, as it is our duty to do, we think it was sufficient to warrant the trial court in finding and concluding that the note sued upon was given as payment for shares of stock of the Cosmopolitan Building Corporation, in violation of Art. 12 Sec. 6 of the Constitution of Texas, Vernon's Ann.St. and of Art. 1353 of Vernon's Tex.Civ.Stats., and that the plaintiff knew, or should have known, at and prior to the time when the note was assigned to him, that the shares of stock for which the note was given had not been issued at that time. Under such circumstances, plaintiff was not an innocent purchaser of the note without notice of its imperfections, and he was not entitled under the law to recover on the same against defendant. McCarthy v. Texas Loan Guaranty Co., Tex.Civ.App., 142 S.W. 96 (er. den.); Washer v. Smyer, 109 Tex. 398, 211 S.W. 985, 4 A.L.R. 1320; Hamilton-Turner Grocery Co. v. Hander, Tex.Com.App. 299 S.W. 848.

Finding no error in the judgment of the court below, it is affirmed.

McDONALD, J., concurs.

TIREY, J., took no part in the consideration or disposition of this case, on account of illness.