Edwards v. James:

EDWARDS v. JAMES, ADM'R.

Where one Judge sits for another, it would be more regular for him to act upon all matters or motions arising out of his proceedings, before he leaves the bench; but it is not indispensible that it should be so done, and if anything is left undone when he leaves the bench, and another Judge takes the seat before the expiration of the Term, the Judge last taking the bench can dispose of and act on such matters, if he was competent to have tried the case out of which they arose.

Where there was judgment by default, and a motion to set aside the judgment and grant a new trial was filed thirty-one days after the default, but within two days after the writ of inquiry was executed and judgment final rendered, and the motion was granted, it was held that there was no error.

Where the statute (Act of February 10th, 1852) provided "that all lands heretofore located by virtue of any genuine claim to land, shall be surveyed within twelve months from the passage of this Act, or the location shall be null and void," and the locator applied to the District Surveyor to have his location surveyed, and the Surveyor refused to survey it for the reason that the land was covered by an old claim, and the locator, within the twelve months from the passage of the Act, sued out a writ of *mandamus* to compel him to survey it, the location was held not to be void under the Act.

Error from Bexar. Action for the recovery of land by the plaintiff in error against the defendant in error as administrator of J. R. Black, deceased. Judgment by default November 12th, 1852. Writ of inquiry executed, and verdict and judgment for plaintiff December 11th following. Motion for new trial filed on the 13th. On the 14th, Judge Hancock, who was sitting for the regular Judge of the district, signed the minutes of his proceedings and vacated the bench, and on the 15th, Judge Devine, the regular Judge of the district, took the bench. He subsequently granted the new trial. At the trial which was afterwards had, the Court excluded the plaintiff's evidence of the title, and the defendant had judgment. The facts, on this point, are stated in the opinion of the Court.

*I. A. & G. W. Paschal*, for plaintiff in error.

LIPSCOMB, J. There are only two grounds of error that we regard as material, presented by the record in this case. The first is the granting a new trial, on the application of the defendants.

There was a judgment by default, and a writ of inquiry executed before Judge Hancock, holding the Court for Judge Devine. Judge Hancock had signed the minutes of the proceedings before him, and Judge Devine taken his seat on the bench, before the motion of the defendants for a new trial had been acted upon; and the motion was granted by the latter. Plaintiff's counsel allege that it was not competent for Judge Devine, who was not presiding when the judgment was rendered. It would be more regular, where one Judge sits for another, for him to act upon all matters or motions arising out of his proceedings, before he leaves the bench; but it is not indispensible that it should be so done, and if anything is left undone when he leaves the bench, and another Judge takes the seat before the expiration of the Term, the Judge last taking the bench can dispose of, and act on such matters, if he was competent to have tried the case out of which the motion arose. To make the case most strong for the plaintiff, suppose the Term had expired and the Court adjourned, there can be no question but the Judge of the district, Judge Devine, could, on sufficient grounds, have granted a new trial, in the exercise of equity jurisdiction. (Gross v. McClaran, 8 Tex. R. 341; Stewart v. Jones, Adm'r, 9 Id. 469; Mussina v. Moore, *Supra.*)

The second ground of error we propose examining, is the ruling of the Court in excluding from the jury the plaintiff's evidence of the location by him, of good and valid land certificates, on the land sued for. These locations were made in 1847, and shortly after a suit was brought on them for the land in controversy in this case, which was finally decided in this Court in favor of the defendant, and this suit was commenced for the same land within the time prescribed by the statute, within which a second suit is allowed to be brought

for the same land. The locations had not been removed, and there is no question that at that time a location gave a right of action for the land. On the 10th February, 1852, an Act of the Legislature was passed, the eighth Section of which provides, " that all lands heretofore located by virtue of any " genuine claim to land, shall be surveyed within twelve " months from the passage of this Act, or the location shall " be null and void," cited in Stewart v. Lapsley, 11 Tex. R. 41. This suit was commenced on the 15th October, 1852, at which time twelve months had not elapsed from the passage of the Act referred to, and the location was not annulled at that time, for want of a survey. But more than twelve months had elapsed when these locations were offered in evidence and rejected on the ground, it is presumed, that they had not been surveyed at that time, and by the terms of the statute, if stringently applied, had become null and void. But it appears from the record, that the plaintiff had not been able to have the surveying performed, the District Surveyor refusing to survey the locations for the reason that the land located upon was covered by an old claim, the one interposed by the defendants ; and that a suit by *mandamus* had been instituted, by the plaintiff against the Surveyor, to compel him to survey the land located, before the expiration of the twelve months, and was then pending.

The question then arises, Does a location under these circumstances come within the spirit and meaning of the Act of February 10th, 1852 ? That it is not an exception, provided for by a literal construction, must be admitted. It is not, however, to be believed that the statute was intended to require of a locator to do a thing not in his power, but was designed to put an end to the negligence of locators, that had become a serious evil, in wilfully omitting to have the land located, surveyed, preventing others from locating thereon, and perhaps speculating on the chances of an appreciation of the land located, or raising the location and making a more valuable selection ; and further, that, by so holding locations

without surveys, it was withholding the land from being subject to taxation, in fraud of the revenue of the State; and it is not believed to have been intended to embrace a case like the present, where there were legal impediments to the survey, that could only be removed by an adjudication on the locator's right to have the land selected, located and surveyed. Had it been the intention of the Legislature to have annulled locations such as these, the power to do so could not be gainsaid, because the locator's right was but an inchoate one; but it would require express affirmative legislation to authorize the conclusion that such was the intention of the Legislature.

We conclude, then, that the locations, in this case, had not been annulled, and that the Court erred in excluding them from the jury, for which error the judgment is reversed and the cause remanded.

Reversed and remanded.