Jan'y Term,      Ott *et al. vs.* McHenry *et al.*      1867.

# Wheeling.

\* Absent, HARRISON, J.

## SAMUEL OTT *et al. vs.* MARY McHENRY *et al.*

January Term, 1867.

1. It is competent for a subsequent judge to hear and determine a motion to set aside a verdict of a jury and grant a new trial, where such motion was made before a preceding judge and left undetermined, but in doing so, he must act upon the evidence upon which the verdict was founded. What that evidence was before the jury may be ascertained by the notes of the judge who presided at the trial, by his affidavit thereof, by a re-examination of the witnesses, by the affidavits of counsel in the cause, or of others who heard and remembered it, or by any other mode that may be lawful as in the proof of any other fact.

2. It is error for a circuit court to overrule a motion for a change of venue, when it is shown by affidavit that a fair and impartial trial could not be had in a county in which the suit was pending, arising from strong and unjust prejudices among the people against the original patentees of land, under whom the party making the motion claims to hold.

3. A copy of a grant for land in *West Virginia*, certified according to the laws then in force, by the Register of the Land Office of the commonwealth of *Virginia* before the division of the State of *Virginia* and the formation of the State of *West Virginia*, should go to the jury as evidence of title without any other authentication, and is as valid and effective in this State since its formation as before; the laws of *Virginia* having been continued in force here, unaffected by the division of the State of *Virginia*, where they are not repugnant to the constitution of this State.

This was an action of ejectment instituted in the circuit court of *Marshall* county, *Virginia*, by *Samuel Ott, Otho W. Heiskill*, and *Isaac H. Williams*, plaintiffs, against *Mary McHenry*, widow of *John McHenry*, deceased, *Philip Campbell* and *Ann*, his wife, *John McHenry, Mary McHenry,*

\*See page 1.     Judge Loomis of the VI circuit was called to the bench.

*Amanda McHenry, James McHenry, William McHenry, Abigail McHenry, Emily Catherine McHenry, Hester Phœbe McHenry,* and *Winfield Scott McHenry,* defendants, to recover 270 acres of land with its appurtenances, situated in the county of *Marshall* and State of *Virginia.* The declaration was filed at the October term, 1858. At the October term, 1859, a jury was sworn in the cause and one of the jurors was withdrawn and the cause was continued. At the May term, 1860, another jury was sworn and rendered a verdict for the defendants, and the plaintiffs moved the court to set aside the verdict of the jury and grant them a new trial, which motion was continued until the next term. The cause was regularly continued until the May term, 1862, when the plaintiffs moved the court to hear their motion, to set aside the verdict of the jury at the May term, 1860, and grant a new trial; the verdict of the jury was set aside and a new trial awarded the plaintiffs, to which the defendants excepted on the grounds, that at the May term, 1860, when the jury rendered the verdict for the defendants, and when the plaintiff's motion for a new trial was made, *George W. Thompson* presided as judge of the court, and the court received and ordered said motion to be docketed, and said motion having been continued to the present term (May 1862) of the court, *Ralph L. Berkshire* being the judge thereof, the motion was renewed and a new trial granted, upon affidavits filed in the cause, the court not having heard or examined the testimony adduced before the jury, and there being no note or memorandum of the testimony filed or preserved; the court assigned as his reason for granting a new trial, that the change of the judge, after the motion had been made to and entertained and docketed by judge *Thompson's* orders, and before its determination, made the granting of the new trial proper and legal by him.

The affidavits referred to in the defendants bill of exceptions are as follows: *Z. Jacob* said he was one of the counsel on the part of the plaintiffs at the trial of the cause at the Spring term, 1860, when the jury returned a verdict for the defendants, and that he, as counsel for the plaintiffs and

on their behalf made the motion for a new trial. The motion was made on the same day the verdict was rendered, and in a few minutes thereafter, on the ground that the verdict was against the evidence, and also against the instructions of the court, given on the trial of the cause.

*Robert McConnell* said he was principal counsel for the defendants in the cause, that shortly after the rendition of the verdict at May term, 1860, which was at the heel of the term and late in the evening, *Z. Jacob*, one of the counsel for the plaintiffs moved the court for a new trial in the cause. Did not remember whether the grounds for a new trial were stated at that time or not. The motion was entertained by judge *Thompson*, who was then judge of the court, and docketed and continued at the instance of the said *Thompson* without any motion from either side of the parties or counsel. That there was no effort made at the May term, 1861, at which judge *Thompson* presided, to have said motion disposed of.

The cause was continued regularly from the May term, 1862, to the June term, 1864, when another jury was sworn to try the issue, who found a verdict for the defendants, and on motion of the plaintiffs the verdict was set aside and a new trial granted. The cause was again continued regularly from the June term, 1864, to the November term, 1864, when the plaintiffs moved the court to change the venue in the cause; the motion was overruled and the cause continued. To the opinion of the court overruling the motion for a change of venue the plaintiffs excepted.

The affidavits filed by plaintiffs in support of their motion for a change of venue, and included in their bill of exceptions were, that a fair hearing and trial by jury could not probably be had in their cause in *Marshall* county, from the prejudice and strong pre-conceived opinions of many of the people of said county, adverse to the rights of persons claiming land under title derived from the late *Robert Woods*, deceased, or under title derived from his brother, *Archibald. Woods*, also then deceased. That the said *Robert Woods* was

believed to have been first surveyor of *Ohio* county, and was the owner and holder of many large tracts of land in the county of *Marshall*, and that his brother, *Archibald*, and his son, *Robert C. Woods*, in like manner owned many lands in said county. That the land in dispute in this case is part of a large tract of land in *Marshall* county, which *Andrew P. Woods*, another son of the said *Robert Woods*, became entitled to under the will of his father; that there was a strong and unjust prejudice in the minds of so many of the people of *Marshall* county against the titles derived from the said *Woods*, or any of them, as to render it very difficult in that county, to get a fair and just trial and verdict, where such titles were in dispute. At the April term, 1865, on motion of the plaintiffs a special jury was ordered for the trial of the cause at the next term, and the cause was continued. At the June term, 1865, another jury was sworn and a verdict found for the defendants, and judgment was rendered thereon against the plaintiffs for costs. On this trial of the cause the plaintiffs offered in evidence before the jury and as evidence of their title, a copy of a grant or patent from the commonwealth of *Virginia*, dated 20th January, 1823, and of the commonwealth the 47th, and which copy of said grant or patent was certified in the following manner:

"*Richmond*, October 2nd, 1857. I certify that the foregoing is a copy from the records of the *Virginia* Land Office.
S. H. PARKER, Register Land Office."

And after the plaintiffs had closed their evidence in chief, the defendants by their counsel moved to exclude from the evidence and the consideration of the jury, the said copy of the said grant or patent, which motion the court sustained and excluded and rejected the said copy on the grounds, as the court said, that there was no seal to the said copy of said grant, though it was said and declared by the plaintiffs to the court, and not denied or disputed by the other party, that the same copy of the said grant or patent was used and offered in evidence on the part of the plaintiffs, without objection, on the previous trials which had

been had in the cause, but that said former trials were not had before the judge of this court. To which ruling of the court, excluding said copy from the jury, the plaintiffs excepted.

The plaintiffs applied to this court for a supersedeas, which was granted.

*Z. Jacob,* for plaintiffs in error.

*J. S. Wheat* and *R. McConnell,* for defendants in error.

BROWN, President.

This is a supersedeas to the circuit court of Marshall county.

It was an action of ejectment in which there was a verdict by the jury in May, 1860, for the defendants, and a motion by the plaintiffs for a new trial, which the judge took time to consider, but before he determined the question his office was vacated and another judge succeeded him, who finding the said motion still pending and undetermined, at the May term, 1862, granted a new trial, without hearing or examining the testimony adduced before the jury, there being no note or memorandum of the same filed or preserved; the judge assigning as his reason, that the said motion having been made and entertained, and the change of judges occurring before its determination, made it proper, in his opinion, to grant the new trial without any knowledge of the testimony. To this ruling of the court, granting a new trial, the defendants excepted. At the June term, 1864, another trial was had before another judge and another verdict for the defendants, which was, on the motion of the plaintiffs, set aside and a new trial awarded.

At the November term, 1864, the plaintiffs moved the court for a change of venue, which was overruled and the plaintiffs again excepted.

At the June term, 1865, there was another trial before another judge and another verdict for defendants. Upon this last verdict, the plaintiffs, to sustain the issue on their

part, offered to give in evidence a copy of the grant from the commonwealth of Virginia to Woods, under which they claimed the land in controversy; which copy was properly certified by S. H. Parker, register of the land office of Virginia, as copied from the record of his office, and had been used on the trial theretofore, both before and after the formation of this State. Upon the motion of the defendants, the court excluded the said copy of the grant from the jury and thereupon the plaintiffs again excepted.

Two points are made by the plaintiffs in error, who were also plaintiffs in the court below, and both arise upon the record. 1st, That the circuit court erred in overruling the plaintiffs' motion for the change of venue. 2nd, That the circuit court erred in excluding the said copy of the grant certified by the register of the land office of Virginia.

In support of the first point, viz: the motion for a change of venue, the plaintiffs proved by the affidavits of Messrs. Jacob, Good, and Hoge, that a fair trial could not, as they believed, be had in Marshall county, from the strong and unjust prejudices which existed among the people to the Woods title, under which the plaintiffs claimed; and by the affidavits of three other witnesses, viz. Dickey, Dowler, and Conner, all long residents of Marshall county and well acquainted with the people. The plaintiffs further proved the existence of said prejudice, that it was general and from what they heard and believed, it was not probable that a fair trial could be had in the county for the plaintiffs claiming under the Woods title.

Upon this state of facts the court erred in overruling the motion for a change of venue. For every man is entitled to a fair trial, and here it could not be had if the evidence is to be believed, and there is nothing to discredit it.

The second point considered is whether the court erred in excluding the copy of the grant of Woods, certified by the register of the land office of Virginia.

The reason for the exclusion, alleged by the court below, as stated in the bill of exceptions, viz: that, "there was no seal to the said copy of said grant," was not urged by the

counsel for the defendants in error in the argument, but abandoned and need not therefore be now considered. But while the counsel for the defendants all admitted that the said copy of the grant having been copied and certified before the division of the State of Virginia, was properly admitted as evidence to the jury in the trials had antecedent to the division, and had been admitted without objection on one of the trials since the division, yet, that after the formation of the State of West Virginia the said copy certified aforesaid, was not evidence, upon the hypothesis that an office copy so certified by the register of the Virginia land office, before, as well as since the division, stands upon precisely the same footing with a like copy from the State of Pennsylvania, or any other State or foreign country. But it is a most grave error to forget that the relations of the people of West Virginia, to the government and State of Virginia antecedent to the division, and to the State of Pennsylvania, or any other State, were and are very different indeed. Before the division, the people of West Virginia were as much a part of the State of Virginia, and the government and officers thereof as much theirs, as could be said of any portion of the people, or section of the State; and the official acts of such officers done before the separation are as valid and effective here since that event as before, the laws of Virginia being continued in force here unaffected by the division, where not repugnant to the constitution. The law of evidence is the same now as then, and an office copy good and admissible as evidence before the division, is equally so now. I think the court, therefore, erred in excluding the said official copy of said grant from the jury. And had the case stopped here the judgment should be reversed and the cause remanded. But it is objected for the defendants in error, that the court should go back to the first error, and that the first error was committed in setting aside the first verdict found at the May term, 1860, and granting the plaintiffs a new trial, without a reconsideration of the evidence on which it was founded. It is very clear from the authorities cited in the argument that the plaintiffs

might have sought relief in a court of equity against the verdict which the change in the judges prevented their obtaining on the motion for a new trial, but in such case the evidence to authorize the chancery court to grant the relief, would be as necessary, as in the case of the judge who heard the trial; both would determine upon the evidence before the jury, whether or not the verdict should stand, nor could extraneous evidence be admitted to vary the result. The judge in the one case would determine from the evidence as he knew and remembered it to be, and the chancellor in the other would determine the same question from the same evidence as it might be proved to have been. I have no doubt that it was competent for the subsequent judge to hear and determine the motion to set aside the verdict which the preceding judge had left undetermined, but in doing so he must act upon the evidence upon which the verdict was founded, precisely as the chancellor would do, had the relief been sought in that forum. What the evidence was before the jury, may be ascertained by the notes of the judge, who presided at the trial, by his affidavit thereof, by a re-examination of the witnesses, by the affidavits of counsel in the cause, or of others who heard and remembered it, or any other mode that may be lawful, as in the proof of any other fact. The verdict is the response of the jury upon the facts of the case in a judicial proceeding. It is the peculiar province of the jury to respond to the facts, and the response thus rendered is valid and binding until set aside for error, and every intendment is in favor of its correctness until the error be made to appear. If verdicts could be set aside without evidence of error, then the stability of judicial proceedings would be endangered.

As the record shows that the evidence upon which the verdict was founded was not made known to the court by proofs, or otherwise known to him, and not therefore considered, and so expressly stated, I think the court erred in setting aside the said verdict, and as the defendant excepted for that cause, they are entitled to the benefit of the exception. But since the defendants have not appealed nor does

COURT OF APPEALS OF WEST VIRGINIA.

this case come within the 9th rule of this court, yet the
court will correct the error, which, if not done now, may be
again the subject or occasion of appeal in the case; but in
thus volunteering the correction for the defendants in error,
the court will put the parties upon such terms as will pre-
serve the rights of the parties and secure justice to be done
in the premises. It is apparent that if this court reverse
the judgment and then enter judgment on the first verdict,
without prejudice to the plaintiffs in error to seek relief in
equity, by injunction or otherwise, as they may be entitled
to do, the plaintiffs might, if driven to another action, be
barred by lapse of time or the statute of limitation, unless
the defendants were restrained from pleading the same.
At least whether such would be the result or not this court
will not undertake to determine in advance, but will in
extending relief to the defendants, at the same time guard
the plaintiffs in error against the contingency referred to, by
reversing the erroneous judgment and proceedings back to
and including the judgment setting aside the first verdict
and awarding a new trial, but will not enter judgment on
said verdict as contended for by the defendants in error, but
on the contrary, there leave the question on the pending
motion for a new trial and remand the cause to the circuit
court to be there proceeded with, in conformity with the
principles above stated, with costs to the plaintiff in error.

The remaining judges concurred in the opinion of Brown,
President.

The court entered the following order:

*Ordered,* That the judgment of the said circuit court of
Marshall county, and all the proceedings had in the cause
back to and including the judgment rendered at the May
term, 1862, setting aside the verdict and awarding a new
trial, be, and the same are hereby, reversed and set aside,
and the cause remanded to the circuit court aforesaid, to be
there proceeded in upon the pending motion for a new trial
and such other proceedings as may be had therein, in con-

formity to the principles stated in a written opinion filed in the cause.    And that the plaintiffs in error recover against the defendants in error their costs in this court expended on their behalf.

JUDGMENT REVERSED.