### Texas & Pacific Railway Company v. Thomas Voliva.

Decided November 25, 1905.

**Special Judge—Powers.**

Although a case has been tried by one special judge, another and different special judge may hear and grant a motion for new trial in the case.

Appeal from the District Court of Midland County. Tried below before Hon. James L. Shepherd.

*H. C. Shropshire,* for appellant.—The case being tried at the September, 1904, term of the District Court of Midland County, Texas, before Special Judge Beall, he and he only, had the power to pass upon appellee's motion for a new trial; hence the action of Special Judge Homan in hearing the motion and setting the judgment aside and granting appellee a new trial, was a nullity; and under such circumstances, and the facts in this case, it was the duty of the trial court to sustain appellant's plea in abatement. Sayles' Civ. Stats., of Texas, 1897, art. 1071; Storrie v. Shaw, 75 S. W. Rep., 20; Claflin v. Furtick, 119 Fed. Rep., 429.

*Camp & Caldwell,* for appellee.—Where the judge who tried the case can not or will not hear and pass upon the motion for new trial, it is the right and duty of his successor to hear and determine said motion upon the evidence adduced on the trial, and the pleadings and the evidence herein showing that Judge Beall could not and would not act upon appellee's motion and that Judge Homan did hear and consider the evidence adduced on the trial in passing upon the motion, his action was legal and the plea in abatement properly overruled. Edwards v. James, 13 Texas, 52; State v. Womack, 17 Texas, 240; Galveston, H. & S. A. Ry. v. Crawford, 29 S. W. Rep., 958; Coles v. Thompson, 27 S. W. Rep., 46; Gill v. State, 38 S. W. Rep., 191; 14 Enc. Plead. and Prac., pp. 856 and 857, sec. 4, and cases cited; New York Life & Fire Insurance Co. v. Wilson, 8 Peters (U. S.), 291.

SPEER, ASSOCIATE JUSTICE.—The sole question presented for decision in this case is whether or not Special District Judge W. K. Homan had authority to grant a new trial in this cause, when the trial proper had been heard by Special Judge J. H. Beall. It appears that upon a former trial, which was before Judge Beall, the jury returned a verdict for appellee and judgment was entered upon it. Both parties were dissatisfied and filed their motions for a new trial. Judge Beall was called away upon business to another part of the district and refused for want of time to hear these motions, although the appellee, at least, insisted upon his doing so. He was not only called away but he was unable to return at any other day of the term to hear the motions, and so notified the parties. Judge Homan was subsequently regularly selected as special judge to succeed Judge Beall, and heard and determined appellee's application and granted to him a new trial, the appellant participating in the proceeding before him and making no objections whatever. When the case was subsequently reached for trial, appellant pleaded in abatement of this suit, and as *res adjudicata* the former judgment upon the theory that the action of Judge Homan in setting it aside was without effect.

As early as 1854 in Edwards v. James, 13 Texas, 52, the precise point was decided contrary to appellant's contention. In the opinion delivered by Mr. Justice Lipscomb in that case it is said: "There was a judgment by default and a writ of inquiry executed before Judge

Hancock holding the court for Judge Devine. Judge Hancock had signed the minutes of the proceedings before him, and Judge Devine taken his seat on the bench, before the motion of the defendants for a new trial had been acted upon; and the motion was granted by the latter. Plaintiff's counsel allege that it was not competent for Judge Devine, who was not presiding when the judgment was rendered. It would be more regular, where one judge sits for another, for him to act upon all matters or motions arising out of his proceedings, before he leaves the bench; but it is not indispensable that it should be so done, and if anything is left undone when he leaves the bench and another judge takes the seat before the expiration of the term, the judge last taking the bench can dispose of, and act on such matters, if he was competent to have tried the case out of which the motion arose." See, also, State v. Womack, 17 Texas, 238; Galveston, H. & S. A. Ry. Co. v. Crawford, 9 Texas Civ. App., 257, 29 S. W. Rep., 958; Coles v. Thompson, 7 Texas Civ. App., 668, 27 S. W. Rep., 46; Gill v. State, 36 Texas Cr. Rep., 596, 38 S. W. Rep., 190. The following authorities from other jurisdictions are more nearly in point than the Texas cases last cited and support fully the conclusions announced by Mr. Justice Lipscomb: Malone v. Eastin (Ala.), 2 Port., 182; Wilson v. California Cent. Ry. Co. (Calif.), 29 Pac. Rep., 861, 17 Law Rep. Ann., 685; Jones v. Sanders (Calif.), 37 Pac. Rep., 649; Chicago, P. & S. W. Ry. Co. v. Marseilles, 107 Ill., 313; People v. McConnell (Ill.), 40 N. E. Rep., 608; American Cent. Ins. Co. v. Neff (Kan.), 23 Pac. Rep., 606; State v. Gaslin (Neb.), 49 N. W. Rep., 353; Ott v. McHenry, 2 W. Va., 73. There may be and are some decisions holding a contrary doctrine, but the great weight of authority in this country, as well as precedent in this State, compels us to decide that Special Judge Homan, the district judge of the court for the time being, had full power to hear and determine the motion for a new trial.

The case of Storrie v. Shaw, 75 S. W. Rep., 20, so much relied on by appellant, is clearly distinguishable from the present and the line of cases herein cited, and the fact that Mr. Justice Brown in the course of the opinion in that case remarked that "we have found no authority directly on the question submitted," shows that the question there involved was not considered to be the same as that in Edwards v. James.

The judgment of the District Court is therefore affirmed.

*Affirmed.*

Writ of error refused.