Johnnie CLARK, Appellant,

v.

A. C. CLARK, Appellee.

No. 14005.

Court of Civil Appeals of Texas.

Houston.

Nov. 29, 1962.

Pat N. Fahey and Paul A. Taylor, Houston, for appellant.

Cire & Jamail, George E. Cire and Joseph D. Jamail, Jr., Houston, for appellee.

WERLEIN, Justice.

In the trial of this divorce suit, the only contested issues were limited to the amount of child support and the disposition by the court of that certain cause of action for personal injuries sustained by appellee as set out in Cause No. 570,829, styled Alfred C. Clark v. Chet Whaley Well Servicing Company, Inc., pending in the District Court of Harris County. On this appeal appellant asserts that the trial court abused his discretion in decreeing to appellee said cause of action. The statement of facts is rather meager. It contains a stipulation between the parties to the effect that the automobile belonging to them was to be awarded to appellee, and that appellant was to receive the home place, the title thereto, and all household furniture and fixtures therein, and to have, subject to the approval of the court, custody of the minor child, Darlene Clark.

No findings of fact or conclusions of law were requested or filed. In his judgment the court decreed said cause of action to appellee and ordered that appellee pay to appellant through the Harris County Probation Department $80.00 per month child support until said minor reaches 21 years of age or marries. The court found that appellee was wholly unable to make such payments unless recovery was had in said cause of action for personal injuries, and for such reason the court ordered that one-half of any amount recovered be paid to said Probation Department and that any amount remaining after said child support payments had been made as decreed should go to appellee.

Appellant contends that since no valuation was placed upon the house or any of the property other than the automobile, which was valued at $600.00, and it was impossible for the court to place any value on said cause of action for personal injuries sustained by appellee, the court was not in a position to make any division of the community property between the parties, and that in awarding to appellee the entire amount that might be received from said cause of action the court abused his discretion.

The evidence shows that appellant had received, prior to the time the divorce suit was tried, one-half of the amount of Workmen's Compensation paid because of appellee's injuries. It was recognized by all parties that the amount of compensation insurance paid by the insurance carrier would have to be reimbursed to such carrier out of any recovery in the personal injury suit against the third party, Chet Whaley Well Servicing Company, Inc.

The evidence further shows that while appellant was suffering from several physical ailments, including high blood pressure, a heart condition, anemia and arthritis, she was employed and capable of working. She testified that mostly she washed dishes at Mading's Drug Store at night. She further testified that her husband had not worked since his injury; that he had been hospitalized for some time and that he had been unable to work; that he was hurt and could not do any heavy work; and

that he had no education and could not hold a job.

Appellee testified that he was injured on August 28, 1959 and had not worked since that time, and had been under the constant care of doctors; that he had no way of making a living other than by physical labor, had no trade to fall back on, no source of income of any kind, and had not been released to go back to work.

■ The trial court had the statutory duty to divide the community property as he deemed just and right. Article 4638, Vernon's Annotated Texas Statutes. The judgment of the court cannot be disturbed unless it appears that the disposition made of the property is manifestly unjust and unfair. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21.

In the present case appellant received the home and all furniture and fixtures therein, and appellee received the automobile and the amount that might be recovered by judgment or settlement of his personal injury suit, subject, however, to the payment out of one-half thereof of $80.00 per month until the minor child, then 15 years of age, should attain the age of 21 years or marry. Appellant has failed in her burden to show that such division of the community was manifestly unfair and unjust.

It is true that it was impossible to determine the value of the personal injury suit, and that there is nothing in the record to show the value of the home place, furniture and fixtures. However, the parties personally appeared in court and testified, and the trial court had the opportunity of observing and hearing them and determining their relative chances of obtaining and retaining employment and earning money. It is probable that the court concluded that since the appellee was apparently permanently and totally disabled for work, it would be fair and just to award to him any recovery that might be had by judgment or settlement in his personal in-

jury suit, especially in view of the fact that appellant was receiving the home and all of its contents with the exception of appellee's personal effects.

■ The law is well settled that the court is not required to divide the community property equally, and that in making the division the court may consider the disparity in the earning power of the parties, their business opportunities, capacities and abilities. Stanley v. Stanley, 1956, Tex.Civ. App., 294 S.W.2d 132, writ ref., n. r. e.; Venezia v. Venezia, Tex.Civ.App., 227 S. W.2d 881, and authorities cited; Earnest v. Earnest, Tex.Civ.App., 223 S.W.2d 681.

In the absence of any findings of fact and conclusions of law, we do not know what value the trial court might have placed upon the home place and its contents, or upon appellee's cause of action for damages, or what balancing of equities he might have considered in arriving at his conclusion as to how the property should be justly and fairly divided. Viewing the evidence as a whole in the light most favorable to sustain the judgment, we cannot say that the division of the property was manifestly unjust and unfair, or that the court abused his sound discretion in so partitioning it. Hill v. Hill, Tex.Civ.App.1952, 249 S.W. 2d 654; Sterrett v. Sterrett, Tex.Civ.App., 228 S.W.2d 341.

■ Furthermore, appellant has limited her appeal to the disposition made by the court of said cause of action. It seems evident that the court's disposition of said cause of action was based at least in part on the stipulation of the parties that appellant would have the home and its contents. There could be no change in the decree that would result in giving appellant an interest in said cause of action without taking into account the other community property which appellant accepted and apparently desires to retain. Having voluntarily accepted the part of the community property consisting of the home and its contents, appellant may not now complain of

the disposition of another single item of community property and limit her appeal, assignments of error, and prayer for relief thereto. We think the rule of law enunciated by our Supreme Court in Carle v. Carle, 1950, 149 Tex. 469, 234 S.W.2d 1002, is by analogy applicable to this appeal. The Court stated in that case: "A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom."

Judgment affirmed.