Clyde DUNCAN, Appellant,

v.

Eunice DUNCAN, Appellee.

No. 3786.

Court of Civil Appeals of Texas.

Eastland.

Jan. 10, 1964.

Rehearing Denied Feb. 7, 1964.

See also 372 S.W.2d 564.

R. E. Murphey, Coleman, Callaway & Callaway, Brownwood, for appellant.

O'Neal Dendy, San Angelo, for appellee.

GRISSOM, Chief Justice.

In a trial to the court, Eunice Duncan was granted a divorce and her husband, Clyde Duncan, who occupied the position of plaintiff in the case, was denied a divorce. The homestead was awarded to the wife, subject to the unpaid portion of the purchase price. The wife was awarded a judgment for $1750.00, as partial reimbursement for her separate funds spent in improving the properties of the parties and for her interest in other community property. She was also awarded a judgment for $750.00 attorney's fee. A lien was fixed against the property awarded the husband to secure payment of said amounts. The husband has appealed. Findings of fact and conclusions of law were not requested.

Appellant's first point is that the court erred in denying him a divorce. It would serve no good purpose to state the sordid facts from which the court, unquestionably, had the right to award the wife a divorce. The evidence certainly did not require the award of a divorce to the husband. That point is overruled.

Appellant's second point is that the court erred in requiring the parties to file written verified statements concerning their separate and community properties for consideration by the court. Said point is overruled. The court did not require the filing of such statements, on the contrary, it was stipulated that they should do so and that the court might consider them.

Appellant's third point is that the court erred in awarding the homestead to Eunice Duncan on the theory that it was community property. Point 7 is to the effect that the court erred in holding that the $1200.00 cash paid on the purchase price of the homestead and the $200.00 closing fee were paid from community funds, because the uncontradicted evidence showed said money was paid out of the separate funds of the plaintiff. There was evidence from the plaintiff to the effect that said money was cash which he dug up on his farm where he had buried it before he married the defendant. However, he also testified to the effect that he started burying money when he became suspicious that his wife was trying to get his property, and that he buried this after the marriage. It is undisputed that he told his wife shortly before they were married that his income ranged from $200.00 to $1,000.00 per month. It is undisputed that he spent very little. Mr. Duncan was an interested witness. The homestead awarded to the wife was acquired during marriage. The deed was made to both the husband and wife as grantees and both signed the deed of trust and the notes which constituted the major portion of the consideration for the home. The total consideration was $4,000.00, $1,200.00 was paid at the time the property was purchased. The court was not required to believe that the cash spent in concluding

the purchase came from the separate funds of the plaintiff, nor was the court required to conclude that the home was the separate property of the plaintiff. By virtue of Article 4619, Section 1, all property acquired during marriage is deemed to be the common property of both until the contrary is satisfactorily proved. All property that the husband and wife possess at the time the marriage is dissolved is deemed community property. 12 Tex.Jur.2d 211. The burden of rebutting that presumption rested on the plaintiff. It has been held that the presumption that property acquired during marriage is community property is very strong and can be overcome only by clear and convincing proof. 30 Tex.Jur.2d 280; Harkness v. McQueen, Tex.Civ.App., 232 S.W.2d 629; Lindemood v. Evans, Tex.Civ.App., 166 S.W.2d 774; Davis v. Duncan, Tex.Civ.App., 102 S.W.2d 287, (Dis. W.O.J.); Skinner v. Skinner, Tex.Civ.App., 202 S.W.2d 318; Brick & Tile, Inc., v. Parker, 143 Tex. 383, 186 S.W.2d 66.

■ Since the decision of our Supreme Court in Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299, 302, there can be no contention that the provision in Article 4638 prohibiting divestiture of title of real estate in divorce cases applies to community real estate. It was there definitely held that in partitioning the community real estate in a divorce case that there is no divesting of title to real estate within the meaning of said statute, but that it is merely a division of realty between those who already have title thereto. Since the trial court found, which finding we approve, that said homestead is community property, the prohibition contained in said statute is not applicable.

■ The points contending that the court erred in awarding Mrs. Duncan $1750.00 as partial reimbursement for funds expended by her in improving their properties and for her interest in other community property, complaining of attorney's fees and the fixing of a lien against plaintiff's property to secure payment of said sums have been considered and are overruled. After a careful study of the statement of facts, we find that the evidence authorized said actions. The court has a wide discretion in dividing the property of the spouses and can make such a division as it deems just and right. The division of community property need not be equal if the circumstances justify awarding more than one-half to one spouse. A variety of factors may be looked to as justification for an unequal division. It has been said that in making such a division the court may consider, among other things, the probable future need for support, fault in breaking up the marriage and the benefits the innocent spouse would have received from a continuance of the marriage. The trial court's judgment may not be reversed unless an abuse of discretion is shown. It is not shown. Volume 13, Vernon's Tex.Civ. St., page 45. See also Broussard v. Tian, 156 Tex. 371, 295 S.W.2d 405; Parmeter v. Parmeter, Tex.Civ.App., 348 S.W.2d 51, 53; Grimes v. Grimes, Tex.Civ.App., 365 S.W.2d 228, 229; Clark v. Clark, Tex.Civ. App., 362 S.W.2d 655, 657.

■ We think the court did not err in concluding, if it did, that the pension, or retirement pay, received by Mrs. Duncan was her separate property. It was earned and owned by her before this marriage. See Johnson v. Johnson, Tex.Civ.App., 23 S.W. 1022; Moore v. Moore, Tex.Civ.App., 192 S.W.2d 929, 930; Howard v. Ingle, La. App., 180 So. 248.

The judgment is affirmed.