Elaine **BECKNELL**, Appellant,

v.

Gerald F. **D'ANGELO**, Appellee.

No. 17475.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 15, 1974.

Rehearing Denied March 22, 1974.

Marschall, Hall & McLaughlin, and Philip R. Lane, San Angelo, for appellant.

Fillmore, Parish, Martin, Kramer & Fillmore, and Elmer H. Parish, Wichita Falls, for appellee.

OPINION

BREWSTER, Justice.

Gerald D'Angelo filed a bill of review against his former wife, Elaine Becknell, seeking to have vacated the provisions of a

divorce decree in so far as such decree divided the property of the parties. The trial court granted the bill of review and rendered judgment dividing the property in a way different from how it had previously been divided and Mrs. Becknell has brought this appeal from that decree.

The background of the case is as follows: the parties were formerly husband and wife, having married on August 13, 1954, and having finally separated on November 9, 1969; Mrs. Becknell did on November 14, 1969, file Case No. 86,862–B in the 78th District Court, Wichita County, Texas, against Gerald D'Angelo, seeking therein a divorce, custody of the two minor children of the parties, child support and a division of their property; this divorce case was tried before Judge Temple Driver and he did on March 9, 1970, render and sign a judgment in the case which divorced the parties hereto, it gave child custody of the two girl children, then 12 and 13 years of age, to their mother and gave D'Angelo the right of reasonable visitation with his children, and it ordered D'Angelo to pay $125.00 a month in child support. In dividing the property that decree gave each party a one-half interest in the equity that the two owned in a house at 106 Clayton Street, San Angelo, Texas. It decreed that a four acre tract in Tom Green County that was deeded to Mrs. Becknell by her parents was her separate property. It impressed a lien against that piece of separate property in favor of D'Angelo to secure the payment to him by Mrs. Becknell of $1,800.00 because of the expenditure of community funds in repairing improvements on such property. The wife was awarded a 1965 Oldsmobile and the husband was awarded a 1960 Chrysler auto. The decree awarded to each of the parties a one-half interest in a $4,200.00 savings account they had in a credit union. It awarded each party a one-half interest in the household goods and furnishings they had accumulated. D'Angelo was awarded his guns and a Honda motorcycle. The wife was denied any claim to D'Angelo's

retirement benefits by reason of his service in the United States Air Force.

On March 16, 1970, one week after the rendition of the divorce decree, Mrs. Becknell filed in the same case pending in the 78th District Court a motion to amend, set aside or modify the March 9, 1970, judgment that was signed and rendered by Judge Temple Driver in the case. Mrs. Becknell alleged as grounds for this motion that D'Angelo had withdrawn all of their $4,200.00 savings account in the credit union and had put all of the furniture and household furnishings in a warehouse in his own name to where she could not withdraw her part without his signature and that he had left the jurisdiction of the court and that he had thereby made it impossible to have the decree the court rendered on March 9, 1970, carried into effect. She asked that the court set aside that decree and render one re-distributing the property of the parties in such a way as to be fair and alleged that this could only be done by giving her all of the household goods and the entire equity they owned in the San Angelo house.

Thereafter, on April 8, 1970, Judge Stanley Kirk did hear this motion and render a judgment amending and modifying the decree of March 9, 1970. Its provisions as to divorce, child custody and child support were the same as were in the decree of March 9, 1970. The entire equity owned by the parties in the house at 106 Clayton in San Angelo was awarded by this decree to Mrs. Becknell, instead of the one-half interest given her by the other decree. Her separate property (four acres) in Tom Green County was given to her outright free of D'Angelo's claim of a lien for $1,800.00 thereon. She was again given the 1965 Olds and her husband got the 1960 Chrysler. The entire $4,200.00 savings account in the credit union was awarded to D'Angelo. Mrs. Becknell was given all of the household goods and furnishings instead of just one-half of them as was done by the prior decree. Mrs. Becknell was also awarded 47/120ths of

D'Angelo's right to military retirement benefits by this decree. The decree of March 9, 1970, had denied her claim to a part of D'Angelo's military retirement benefits.

Nothing further was done about this case until September 26, 1972, at which time D'Angelo filed a bill of review in the 78th District Court of Wichita County, Texas, against Mrs. Becknell. This case was No. 92968–B and was styled Gerald F. D'Angelo v. Elaine Becknell. D'Angelo's petition alleged that he was a member of the United States Air Force; he alleged the facts about the rendition of the March 9, 1970, decree in the divorce case; he was then under orders from the United States Air Force to leave the United States for Thailand and did so leave the United States on March 11, 1970; before leaving he was told of the March 9, 1970, judgment but had not been given a copy of it; his attorneys had told him that the entry of that decree would conclude their services to him in the case; that he had no knowledge of the motion filed by Mrs. Becknell to amend the March 9, 1970, decree until after the April 8, 1970, decree had been rendered so amending it; that this new decree materially affected his property rights; that him being in military service prevented him from having knowledge of the motion to amend and from appearing in court at the hearing to present his defense thereto; he prayed that the April 8, 1970, decree be set aside and that the decree of March 9, 1970, be reinstated.

The undisputed evidence at the trial of the bill of review was that neither Mrs. Becknell nor D'Angelo were present at the April 8, 1970, hearing of Mrs. Becknell's motion to modify the March 9, 1970, decree. It was also established that D'Angelo was told by telephone on March 10, 1970, thirty minutes before flying out of the United States, under Air Force orders, of the terms of the March 9, 1970, decree. He had checked the money out of the credit union and deposited it in another credit union the day he left and before

learning of the decree. He was in the Phillipines in service on March 16, 1970, the date Mrs. Becknell filed the motion to modify and he was in Thailand in service for the next 25 months. He did not get a copy of the April 8, 1970, amended decree until he had been in Thailand for six months. He returned permanently to the United States in April, 1972, and he testified that the fact he was in military service had prevented him from being present at the hearing on April 8, 1970, of the motion to modify the judgment. D'Angelo's former attorney had written to him on March 10, 1970, as follows: ". . . the entry of this Judgment (the March 9, 1970, decree) will conclude our services in this matter and we will not be acting further as your attorneys in this matter." This attorney did, however, appear at the April 8, 1970, hearing before Judge Kirk. It is difficult to believe that strong representation or objection was offered in D'Angelo's behalf at that hearing because Judge Kirk, without hearing any evidence in the case, did set aside the decree that Judge Driver had rendered on March 9, 1970, and rendered another decree that adversely affected D'Angelo's property rights.

The grounds D'Angelo alleged for being entitled to a bill of review and the setting aside of the April 8, 1970, amended decree was the fact that his military service prevented him from having notice of and from presenting his defenses to Mrs. Becknell's motion to amend the March 9, 1970 decree. He alleged he was entitled to that relief by virtue of Title 50, Section 520, Subsection 4, U.S.C.A. App., (The Soldiers' and Sailors' Civil Relief Act).

Judge Stanley Kirk presided at the nonjury trial of the bill of review and on April 24, 1973, he rendered judgment setting aside the April 8, 1970, amended decree only in so far as it pertained to a division of the community property. This decree awarded Mrs. Becknell all of the parties' equity in the house at 106 Clayton Street, San Angelo. It gave her all of the household furniture and fixtures, the 1965

Oldsmobile car, and awarded her free of liens in favor of D'Angelo the four acre tract in Tom Green County that had been her separate property. This decree awarded to D'Angelo the 1960 Chrysler, all of the $4,200.00 credit union savings account, and it awarded to him outright all of the military retirement benefits that he had earned by virtue of his military service.

This appeal is by Mrs. Becknell from this April 24, 1973, decree that was rendered by Judge Kirk.

The appellee, D'Angelo, urges as his first counterpoint that Judge Kirk erred in entering this third judgment dated April 24, 1973, that is being appealed from instead of, at the hearing of the bill of review, reinstating the original judgment dated March 9, 1970, because a district judge does not have the jurisdiction to alter, amend or modify a judgment entered by a different district judge and Judge Kirk's action in attempting to do so is void.

We overrule this point.

The divorce case and the bill of review were both filed in the 78th District Court, Wichita County, Texas. We are authorized to and do hereby take judicial notice that on all of the dates that are involved here Judge Stanley Kirk was the regular district judge of the 78th District Court, and that at the time when he rendered the April 8, 1970, amended decree in the divorce case, and at the time when he rendered the April 24, 1973, decree in the bill of review case, Judge Kirk was then serving in his capacity as the regular judge of that 78th District Court. We also take judicial notice that Judge Temple Driver, who presided over the hearing of the divorce case and who signed and rendered the initial judgment in the divorce case on March 9, 1970, was at all times involved here the regular judge of the 89th District Court, Wichita County, Texas. He tried the divorce case as the presiding judge of the 78th District Court, but was not at that time the regular judge of that court. See Hamlin v. Bryant,

399 S.W.2d 572 (Tyler Civ.App., 1966, ref. n. r .e) and 23 Tex.Jur.2d 42, Evidence, Sec. 23.

It is now and it has long been the established law in Texas that except in instances where a statutory inhibition exists, and none does here, a regular judge of a district court has the inherent power, by virtue of his office, to review, during the term, and to reform, amend, modify or vacate any order or judgment that has been made or rendered in a case pending in his court by any other judge that presided over a hearing in that case. See Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489 (Com.App., 1942); Edwards v. James, 13 Tex. 52 (1854); State v. Womack, 17 Tex. 237 (1856); Payne v. Allen, 78 S.W.2d 1018 (Beaumont Civ.App., 1935, writ dism.); and Texas & P. Ry. Co. v. Voliva, 41 Tex.Civ.App. 17, 91 S.W. 354 (1905, writ ref.).

The original divorce decree was rendered by Judge Driver on March 9, 1970, and 30 days had not passed at the time Judge Kirk signed and rendered the decree of April 8, 1970, amending and modifying the original decree of March 9, 1970, that had been rendered by Judge Driver. Judge Kirk's decree of April 8, 1970, was therefore not invalid because, as the regular judge of the court, he had the inherent power for 30 days after the rendition of the March 9, 1970, decree to review and to reform, amend, modify or vacate such judgment. For a host of cases holding this see 24 Texas Digest, Judgment, Key Nos. 298 and 341.

The appellant's first point of error is that the trial court erred in granting the bill of review under the Soldiers' and Sailors' Civil Relief Act because the appellee appeared generally in the original suit and was not prejudiced in making his defense.

We overrule this point.

Title 50, Section 520, Subsection 4, U.S. C.A., provides: "If any judgment shall be

rendered in any action or proceeding governed by this section against any person in military service during the period of such service . . . and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person . . . not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof."

Section 521 of this Soldiers' and Sailors' Civil Relief Act provides for the stay of court proceedings where a person in military service is by reason of such service materially affected in presenting his prosecution or defense of the case.

Judge Kirk, in the decree being appealed from, found that D'Angelo had left the Continental United States under military orders for combat duty in Vietnam after the rendition of the March 9, 1970, decree and that he had no notice of the March 16, 1970 motion to amend said judgment filed by Mrs. Becknell, and that he was prevented from making a defense to the motion to amend by reason of his military service and that the April 8, 1970, decree should be set aside in so far as a division of the property of the parties is concerned.

It appears that the April 8, 1970, decree setting aside the March 9, 1970, decree was rendered by Judge Kirk without hearing any evidence in the matter. The record also makes it appear that this April 8, 1970, decree was rendered amending the prior decree as a sort of punishment because D'Angelo had, on the day he departed for overseas, withdrawn the $4,200.00 credit union account and then left the jurisdiction of the court.

Neither party was at the April 8, 1970, hearing. D'Angelo's former attorney, who had advised him that he was no longer representing D'Angelo, did appear but apparently made no request for a stay and apparently made no objection in D'Angelo's behalf because the trial court did, without hearing any evidence at all, set aside the decree that Judge Driver had rendered and rendered a completely new one which adversely and materially affected D'Angelo's property rights.

The court's findings in the decree appealed from to the effect that D'Angelo was prevented from making a defense to Mrs. Becknell's March 16, 1970, motion by reason of his military service is strongly supported by the evidence. He had not ever disposed of the $4,200.00 savings account and had he been at the hearing he could likely have solved the entire matter by giving to Mrs. Becknell one-half of such sum and by getting her part of the furniture out of the warehouse for her.

We hold that the trial court did not err in granting to D'Angelo an order setting aside the April 8, 1970, decree. He was entitled to that relief under the facts involved here under the provisions of the Soldiers' and Sailors' Civil Relief Act above referred to.

Appellant's second point of error is that the trial court erred in granting the bill of review because the appellee failed to establish any of the requisites for obtaining relief under an equitable bill of review.

We hold that D'Angelo did not establish that he was entitled to an equitable bill of review in this case. In view of our holding that he was entitled to a bill of review under the Soldiers' and Sailors' Civil Relief Act we will not burden this opinion with a discussion of the point.

Appellant's third point of error is that the trial court erred in that he abused his discretion in dividing the community property as he did in that such division is unjust and unfair. We overrule this point.

At the hearing of the bill of review the court's judgment that is appealed from awarded to Mrs. Becknell a house and lot that the parties owned in San Angelo,

Texas, all of the household furniture and fixtures accumulated by the parties during their marriage, the 1965 Oldsmobile auto, a four acre tract in Tom Green County that was her separate property and that she admitted was worth $5,000.00 an acre.

That decree awarded D'Angelo a 1960 Chrysler car; $4,200.00 that was in a savings account, a Honda motorcycle and some guns he had, and all right, title and interest the parties had in military retirement benefits that D'Angelo had earned.

Most of the evidence relating to the value of the properties of the parties was their own opinion testimony.

No findings of fact and conclusions of law were filed by the court and the parties requested none of him.

We are therefore unable to tell what values the trial court placed on the various items of property. Clark v. Clark, 362 S. W.2d 655 (Houston Civ.App., 1962, no writ hist.).

■ In cases where no findings of fact or conclusions of law are filed and none are requested an appellate court will assume that every disputed fact issue that was involved in the case was found by the trial court in such a way as to support the judgment that the trial court rendered. Hamilton-Turner Grocery Co. v. Hander, 299 S.W. 848 (Tex.Com.App., 1927); New v. First National Bank of Midland, 476 S. W.2d 121 (El Paso Civ.App., 1971, ref., n. r. e.); and International Security Life Insurance Co. v. Rosson, 466 S.W.2d 52 (Amarillo Civ.App., 1971, writ dism.).

In such a case it is the duty of the appellate court to affirm the judgment if it can be upheld on any legal theory having support in the evidence. International Security Life Insurance Co. v. Rosson, supra; and Doss v. Blackstock, 466 S.W.2d 59 (Austin Civ.App., 1971, ref., n. r. e.).

■ The trial court had the statutory duty in this case to divide the property of the parties in such a way as he deemed just and right. V.T.C.A. Family Code, Section 3.63. This was formerly Art. 4638, Vernon's Ann.Civ.St.

The trial court's judgment dividing the property cannot be disturbed by this Court unless the division made by the trial court is shown to be manifestly unjust and unfair to appellant or that the trial court abused his discretion in so dividing it. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923) and Duncan v. Duncan, 374 S. W.2d 800 (Eastland Civ.App., 1964, no writ hist.). And the burden is upon the appellant in this case to show that the division made by the trial court was manifestly unjust and unfair. Clark v. Clark, supra.

■ The law is that in dividing the community property the court is not required to divide it equally. In dividing the property the court can consider the disparity of the earning power of the parties, their business opportunities, capacities and abilities. Clark v. Clark, supra, and cases therein cited.

The following is from Duncan v. Duncan, supra: "A variety of factors may be looked to as justification for an unequal division. It has been said that in making such a division the court may consider, among other things, the probable future need for support, fault in breaking up the marriage and the benefits the innocent spouse would have received from a continuance of the marriage. The trial court's judgment may not be reversed unless an abuse of discretion is shown."

It is appellant's contention here that when D'Angelo was given all of the retirement benefits from his service in the United States Air Force that this resulted in him receiving community property worth several times that awarded to Mrs. Becknell.

■ The interest of the parties in D'Angelo's military retirement benefits earned by him by serving in the United

States Air Force during the marriage was community property. Miser v. Miser, 475 S.W.2d 597 (Dallas Civ.App., 1971, writ dism.).

The facts are that he was in service at the time the parties married on August 13, 1954. He had entered service in January, 1953, and at the time of this trial he had served in the Air Force for 20 years and one week and was still in service. He is a Master Sergeant in the United States Air Force.

■ From the record it appears that very little thought was given to the retirement benefit feature of this case during the trial. No evidence was offered as to the age of either D'Angelo or Mrs. Becknell. No effort was made to prove what retirement pay he would get if and when he retired. Appellant contends that we can take judicial notice of the various federal laws and regulations relating thereto and in that manner figure it out. There was no proof as to what his pay grade is. Appellant contends on appeal (no evidence of it) that a Master Sergeant in the United States Air Force is in pay grade E6 and that we can take judicial notice of that and that his salary would be about $615.00 a month and that his retirement pay would be about $314.11 a month.

If we assume that appellant's contentions just mentioned are correct, there is still no way that we can tell the present value of the retirement benefits in view of the fact that no proof was made as to the age of the parties. Knowing the age is a must before we can compute the present value of the retirement benefits by the use of the tables that appellant refers us to in Vol. 2, Federal Tax Regulations (1974), Sec. 20.-2031—10(e).

We would need to know the present value of the retirement benefits and the values the court put on the other items of property that were divided by the court before we can tell whether the trial court abused his discretion in dividing the property. The appellant has not made the record reveal these matters to us.

We hold that appellant has failed to meet her burden of showing that the trial court abused his discretion in dividing the property or that such division was manifestly unjust and unfair.

In addition to what we have said the record shows that Mrs. Becknell admitted that while her husband, D'Angelo, was on duty in Vietnam she had had an affair with his brother and that she had had dates with other men during that time and that she had gone to a club with another man as recently as a few nights before the divorce case was heard. The evidence also showed that although the parties were married from August, 1954, until 1970, they were living separate and apart from each other for eight of those years. During the marriage Mrs. Becknell completed her college education, received a degree and a teaching certificate. She was capable of teaching school and had applied for such a job. D'Angelo had only a high school diploma, no trade, and was not skilled in doing any particular thing. The parties had two children and D'Angelo was ordered to pay $125.00 a month child support. One of the children needed medical care at intervals.

These facts are all a part of the overall picture that the trial court was entitled to consider. Appellant has not made the record show that the trial court abused his discretion in dividing the property.

The judgment is affirmed.