**Jarvis L. SMOAK, Appellant,**

**v.**

**Wanda SMOAK, Appellee.**

**No. 8293.**

Court of Civil Appeals of Texas, Texarkana.

June 24, 1975.

Rehearing Denied July 29, 1975.

Joe A. Hughey, Marshall, Sharp, Ward & Ross, Longview, for appellant.

Ronald Ned Dennis, Kirkpatrick, Grant, Dennis & Reed, Marshall, for appellee.

CHADICK, Chief Justice.

This is a divorce case. Except for a procedural question, the issues in this appeal arise out of a division of property. The judgment of the trial court is affirmed.

The record shows that a nonjury trial was commenced on June 7, 1974. After the introduction of considerable testimony the trial was adjourned until September 12, 1974, when additional testimony was adduced. Ten days thereafter on September 23, 1974, the husband, Jarvis L. Smoak, defendant in the trial court and appellant here, filed a motion for new trial. The trial court judgment dissolving the bonds of matrimony theretofore existing is dated October 22, 1974. The appellee, Wanda Smoak, plaintiff below, calls attention to the fact that the transcript and statement of facts herein were not filed until January 3, 1975, a period of seventy-two days after the October 22 judgment was entered in the trial court.

■ In perfecting an appeal, Texas Rules of Civil Procedure, rule 386 requires an appellant to file the transcript and statement of facts within sixty days from the rendition of final judgment or order overruling a motion for new trial, unless filing time is extended in accordance with the provisions of the rule. Prematurely filed motions for new trial, as in this instance, are effective and will be deemed to have been filed on the date of but subsequent to the date of the judgment. Tex.R.Civ.P. 306c. As no order to the contrary was entered, the motion for new trial herein was overruled by operation of law forty-five days after the date it was filed. Tex. R.Civ.P. 329b; 4 McDonald Tex.Civ. Practice, Sec. 18.06.04 (1971). Computation shows the appeal record was timely filed. The procedural consequence of the prematurely filed motion for new trial is discussed in 4 McDonald Tex.Civ. Practice, Sec. 18.-04.3 (1971).

Appellant has briefed five points of error. For convenience, appellant's fourth point will be first discussed, it is:

"POINT OF ERROR FOUR. The Court erred in making fifty-one (51) head of mixed cattle a part of the community estate when they were respondent's separate property."

The evidence shows that Mr. and Mrs. Smoak were divorced prior to 1948 and re-

married in 1950 or 1951. At the time of remarriage Mr. Smoak owned, as separate property, fifty head of cattle, bought in 1948. Mrs. Wanda Smoak helped manage this herd and at the time of trial the couple had approximately seventy-five head of cattle; twenty-five admittedly community property. The record does not show that any of the original cattle were still on hand at trial time or the time any of the present herd was acquired. The operation of the cattle business during the marriage is shown by this extract from the record:

"Q. During the period of time since you all were married the last time and you had the fifty head, the money that you sold off of those fifty head, did you use that money to replace the cattle back with?

"A. Yes, I bought and sold cattle all the time and kept a record of each year. My old income tax states that, how much I would buy and how much I would sell."

The joint income tax returns of Mr. and Mrs. Smoak for 1970, 1971 and 1972 were introduced. The returns do not classify separate and community income, nor otherwise aid in solution of issue here.

There is no contention that the Smoaks had the identical cattle bought more than twenty-five years prior to the trial, or offspring * therefrom. Neither does Mr. Smoak trace the proceeds of sale of his separate cattle to reinvestment in any specific cattle in possession. The evidence supports a conclusion that production and sale of cattle was on a commercial basis and that the original fifty head of cattle and proceeds from the sale thereof were commingled with community assets of like nature. Under the circumstances the cattle on hand at the time of the trial are presumed to be community property. *Moss v. Gibbs,* 370 S.W.2d 452 (Tex.1963).** See also William O. Huie, Commentary—Texas Community Property Law, 13, Tex.Rev.Civ. Stat.Ann. 1, l. c. 32, Sec. 10, Problems Involved In Separating Income from Principal; 28 Tex.L.Rev. 576; 29 Tex.L.Rev. 339; 12 Tex.Jur.2d Community Property, Sec. 31, 34.

Appellant's first, second and third points of error will be discussed as a group, they are:

"POINT OF ERROR ONE: The Court erred in the manner in which the community property was divided in that the evidence clearly shows that the property was more valuable if sold in its entirety.

"POINT OF ERROR TWO: The Court erred in not granting the respondent at least fifty (50) percent (%) of the community property accumulated during the marriage of Wanda Smoak and Jarvis L. Smoak.

"POINT OF ERROR THREE: The Court erred and abused its judicial discretion in awarding the petitioner the bulk of the estate when the evidence shows the respondent to be disabled and the petitioner in good health."

An appraiser was appointed by the court and his valuation of community assets was received without objection. Except in the particular to be mentioned, the court evenly divided the assets, on the basis of appraised value. The exception was that the value of Mrs. Smoak's retirement fund with her employer, her shares in an employee credit

---

* The increase of separate property cattle was held to be community property in *Wagnon v. Wagnon,* 16 S.W.2d 366 (Tex.Civ.App. Austin 1929, writ ref'd).

** The managerial powers of the spouses over community property has had comprehensive legislative treatment since this case was decided. See Tex. Family Code Sec. 5.22, V.T.C.A. The authority of the case in that respect may be considered as legislatively overruled. William O. Huie, Divided Management of Community Property in Texas, 5 Tex.Tech.L.Rev. 623. The pronouncements of the case on commingling of separate and community assets are still valid.

union and several U. S. Saving Bonds, the items together having a value of $6,300.00, were awarded to her in addition to her share of other property. Her advantage in the division was the value of these items.

Courts are required to give due regard to the rights of the parties and make a division of property in a manner deemed just and right. Tex. Family Code Sec. 3.63. Similar language in earlier enactments has consistently been construed as not requiring the shares of property awarded in making a division to be of equal monetary value. The health, capacities and abilities of the parties, disparity in earning power and business experience and many other factors may be considered in making a division, including the nature and potential of the property itself. *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); *Becknell v. D'Angelo,* 506 S.W.2d 688 (Tex.Civ.App. Fort Worth 1974, writ dism'd); *Duncan v. Duncan,* 374 S.W.2d 800 (Tex.Civ.App. Eastland 1964, no writ); *Dorfman v. Dorfman,* 457 S.W.2d 417 (Tex.Civ.App. Texarkana 1970, no writ). In this instance the trial court judgment is supported by the record, and abuse of discretion is not shown. Compare In Re: *In the Matter of the Marriage of Harvey K. Jackson and Lera C. Jackson,* 506 S.W.2d 261 (Tex.Civ.App. Amarillo 1974, writ dism'd); *Reaney v. Reaney,* 505 S.W.2d 338 (Tex.Civ.App. Dallas 1974, no writ); *Berdoll v. Berdoll,* 398 S.W.2d 397 (Tex.Civ.App. Austin 1966, no writ); *Dorfman v. Dorfman, supra.* It is the duty of an appellate court to indulge every reasonable presumption in favor of the proper exercise of discretion by the trial court when reviewing a division of property. *Dorfman v. Dorfman, supra.*

Initially, the appraiser appointed by the court testified that the several separate tracts of land in the community estate would be more valuable if sold separately but on cross-examination agreed that a sale as a unit might produce a better price. Mr. Smoak cites no authority but argues that

the real estate should have been sold and proceeds divided. No harm is perceived in the trial court's action. In *Dorfman v. Dorfman, supra,* this court said that a division may be accomplished by any legal device or equitable means that does not compel divestiture of a party's title to separate real property. It was pointed out in that case that a sale was a technique available to a trial court under certain circumstances but that such course was beset with difficulties and hazards. It was not an abuse of discretion to order a division in kind under the circumstances shown.

Appellant's fifth point of error and appellee's single cross-point will be discussed together, they are:

"POINT OF ERROR FIVE: The Court erred in awarding petitioner attorney fees in the amount of $750.00 to be paid by respondent when in fact the petitioner contracted in her own right for such indebtedness."

"Cross Point of Error No. 1 The trial court erred in failing to award the Petitioner a reasonable amount of attorneys fees, to-wit: at least $3,000.00."

The parties have been twice divorced and remarried before the current action. The wife's recovery of attorney fees in a divorce action is founded upon the husband's liability to furnish 'necessaries.' 20 Tex.Jur.2d Divorce and Separation, Sec. 298. Impliedly, the court found a divorce was necessary in this instance. Allowance of an attorney fee of $750.00 in this case, a net estate of approximately $80,000.00 is involved, does not show a disposition on the part of the trial judge to be lavish in fixing attorney fees. However, there is testimony that the wife contracted to pay her legal counsel a fee of $5,000.00. Also counsel for Mrs. Smoak was the only witness to the work performed and its value. When the record as a whole is considered along with the discretion vested in the trial judge, the evidence does not show an abuse of discretion produced the order entered. See *Hayes v.*

*Hayes,* 378 S.W.2d 375 (Tex.Civ.App. Corpus Christi 1964, writ dism'd).

In the absence of reversible error, it becomes the duty of this court to affirm the judgment of the trial court. It is so ordered.